IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATONYA T. BANKHEAD**, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br>v.<br><br>**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**,<br><br>    *Defendant*. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant First Advantage Background Services Corp. ("Defendant") hereby removes this action from the Superior Court of Fulton County, State of Georgia ("State Court"), in which court the cause of action was filed, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Defendant state as follows:

1.  Defendant exercises its right under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 to remove this case from the State Court, in which the case was filed under the name and style, *Latonya T. Bankhead, on behalf of herself and*

*others similarly situated v. First Advantage Background Services Corp.*, Superior Court of Fulton County, State of Georgia, Case No. 2017CV291753.

2.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending."

3.  This is a civil action that was instituted in the State Court, and has not been tried.

4.  Plaintiff Latonya T. Bankhead ("Plaintiff") filed a Complaint (the "Complaint") against Defendant in the State Court on or about June 22, 2017. A true and correct copy of the Complaint and Summons served on Defendant is attached hereto as <u>Exhibit A</u>.

5.  Plaintiff served copies of a Summons and the Complaint on Defendant on July 6, 2017. A True and correct copy of the Proof of Service is attached as <u>Exhibit B</u>.

## SUBJECT MATTER JURISDICTION

**Federal Question Jurisdiction Exists Pursuant To 28 U.S.C. § 1331**

6.  The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

11111357

- 3 -

7. Pursuant to 28 U.S.C. § 1331, the cause of action in the Complaint arises under the laws of the United States.

8. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. As this Court has held, "the determination of whether a case arises under federal law is made by examining the face of a plaintiff's well-pleaded complaint." *See Martin v. Citimortgage, Inc.*, No. 09-3410, 2010 WL 1780076, at *2 (N.D. Ga. May 4, 2010).

10. Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's claims arising under federal law.

11. Specifically, the only cause of action set forth in Plaintiff's Complaint is for violation of § 1681c(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. *See* Complaint ¶¶ 2, 48-53. Plaintiff does not assert any other claims except for this alleged violation of the FCRA.

12. Plaintiff's FCRA claim presents a substantial federal question sufficient to confer federal jurisdiction. *See, e.g., Bruce v. Homeward Residential, Inc.*, No. 14-3325, 2015 WL 5797846, at *6 (N.D. Ga. Aug. 31, 2015) ("As this

matter was removed on the basis of federal question jurisdiction, the Court begins its analysis with the FCRA claim, as it is the only claim that provides a basis for federal question jurisdiction."). Accordingly, Plaintiff's alleged claim arises under federal law within the meaning of 28 U.S.C. § 1331, and thus the instant action is properly removed to this Court.

## PROCEDURAL COMPLIANCE

13. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendant of a copy of the summons and the initial pleadings setting forth the claim for relief on which this removal is based.

14. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Northern District of Georgia, Atlanta Division, which embraces the place where the action is pending.

15. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 90(a)(2).

16. No previous application has been made for the relief requested herein.

17. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached as <u>Exhibit A</u> is a copy of the Complaint bearing Case No. 2017CV291753, filed in the State Court, as well as the Summons and attached as <u>Exhibit B</u> is a copy of the Proofs of Service.

18. There are no other Defendants in this action.

19. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel, via process server at the address listed in the Complaint.

20. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

21. By removing this case from State Court to this Court, Defendant does not waive any available defenses or admit any of the allegations made in Plaintiff's Complaint.

WHEREFORE, Defendant hereby removes this case from the State Court to this Court.

Respectfully submitted, this 2nd day of August, 2017.

                                                  /s/ Henry R. Chalmers
                                                  Henry R. Chalmers
                                                  Georgia Bar No. 118715
                                                  henry.chalmers@agg.com
                                                  Edward P. Cadagin
                                                  Georgia Bar No. 647699

edward.cadagin@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: 404-873-8500
Facsimile: 404-873-8501

*Counsel for Defendant First Advantage Background Services, Corp.*

11111357

## **CERTIFICATE OF COMPLIANCE**

By his signature below, and as required by Local Rule 7.1.D., counsel for Defendant First Advantage certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this 2nd day of August, 2017.

/s/ Henry R. Chalmers
Henry R. Chalmers

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATONYA T. BANKHEAD**, <br><br> On behalf of herself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FIRST ADVANTAGE BACKGROUND SERVICES CORP.**, <br><br> *Defendant*. | Civil Action No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing NOTICE OF REMOVAL on all counsel of record by causing a copy of the same to be served via process server to:

Blake Andrews
BLAKE ANDREWS LAW FIRM, L.L.C.
1831 Timothy Drive
Atlanta, GA 30329
Tel: 770-828-6225
Fax: 866-828-6882
blake@blakeandrewslaw.com

E. Michelle Drake
Joseph C. Harshmall
BERGER & MONTAGUE, P.C.

11111357

43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Tel: 612-594-5999
Fax: 612-584-4470
emdrake@bm.net
jhasmall@bm.net

This 2nd day of August, 2017.

/s/ Henry R. Chalmers
Henry R. Chalmers
Georgia Bar No. 118715