**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LATONYA T. BANKHEAD** and **JUSTIN D. HALL** on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:17-cv-02910-LMM-CCB |
| v. | ) ) | |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORP.**, | ) ) ) ) | |
| Defendant. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiffs Latonya T. Bankhead and Justin D. Hall (collectively, "Plaintiffs"), by and through their attorneys, on behalf of themselves and the Class set forth below, bring the following First Amended Class Action Complaint against First Advantage Background Services Corp. ("First Advantage" or "Defendant").

## INTRODUCTION

1.     Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the

1

procurement, use, and content of those reports through the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA).

2.      Plaintiffs seek to hold Defendant accountable for its willful and systemic violations of the FCRA.  Defendant has willfully violated the FCRA by systematically reporting inaccurate information on consumers, by reporting adverse information on consumers which antedates the report by more than seven years, violating 15 U.S.C. § 1681c(a), which explicitly prohibits including such information.

## THE PARTIES

3.      Plaintiff Latonya T. Bankhead is an individual person and a resident of Saint Paul, Minnesota.

4.      Plaintiff Justin D. Hall is an individual person and a resident of Garland, Texas.

5.      Defendant First Advantage is a consumer reporting agency headquartered in Alpharetta, Georgia.

6.      Defendant is a consumer reporting agency as defined by the FCRA.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

8.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this matter, as it presents a federal question.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant resides and is headquartered in this District, and the plurality of documents and witnesses in this matter will be located in this District.

## STATUTORY BACKGROUND

10.      Enacted in 1970, the FCRA's passage was driven in substantial part based on concerns that consumer reports were being used for employment purposes without adequate protections against the harms caused by widespread errors and inaccuracies.

11.      While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15 U.S.C. § 1681.

12.     Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies ("CRAs"), including public record information like criminal history. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

13.     The FCRA also governs the information that can be included in reports that CRAs provide.  Certain items of information are too old to report and may not be included.  Section 1681c(a) prohibits the reporting of:

(1) Cases under Title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.

(2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .

15 U.S.C. § 1681c(a).

4

14.    Any information that falls into these categories cannot be reported in the employment context unless the salary for the position to which the report is attached is $75,000 or more per year. *Id.* § 1681c(b)(3).[1]    Plaintiffs' salaries would not have reached this threshold.

15.    For employment-purposed reports for jobs with salaries reasonably expected to be below $75,000 per year, Defendant willfully fails to exclude information that predates reports by more than seven years as required by Section 1681c(a).

_____

[1] *See also Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825, at *3-4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer reporting agency may not include any adverse item of information other than a 'record of conviction' not a 'record of dismissed charges'"); *Haley v. Talentwise, Inc.*, 9 F. Supp. 3d 1188, 1192 (W.D. Wash. 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (citing *Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Pa. 2008)); *Dunford v. Am. DataBank, LLC*, No. C 13-03829 WHA, 2014 WL 3956774, at *14 (N.D. Cal. Aug. 12, 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *King v. Gen. Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (FCRA's requirement excluding obsolete records of arrest comported with commercial speech doctrine); *Dowell v. Gen. Info. Servs., Inc.*, 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb. 20, 2014) (stating that dismissed charges, even if associated with a conviction, may not be reported under the FCRA).

16.     The inclusion of this information defeated Congress's goal of excluding prejudicial information after the passage of time.  In keeping with its stated goal of ensuring "fairness" to consumers, Congress wanted to allow consumers a fresh start after the passage of time.  Congress passed Section 1681c in recognition of the fact that old information about negative events can have an unfairly prejudicial effect because the negativity of the event overwhelms the fact that the event is old.  As noted by Senator Proxmire during the passage of the FCRA, "One of the common irrelevancies perpetuated by credit reporting agencies is furnishing information on minor offenses committed many years ago."  115 Cong. Rec. 2412 (1969) (Statement of bill sponsor Sen. Proxmire).

17.     Another legislator explained that the FCRA's protections represented "new safeguards to protect the privacy of employees and job applicants;" the Act as a whole, he continued, was "an important step to restore employee privacy rights."  140 Cong. Rec. H9797-05 (1994) (Statement of Congressman Vento); *see also* 138 Cong. Rec. H9370-03 (1992) (Statement of Congressman Wylie) (stating that the FCRA "would limit the use of credit reports for employment purposes, while providing current and prospective employees additional rights and privacy protections").

18.     Consumers' interest in not having old information disclosed is deeply rooted in privacy concerns.     According to the federal government, "Section 1681c's restrictions on disclosing older adverse information serve the governmental interest in protecting individuals' privacy."  Mem. of the U.S. in Supp. of the Constitutionality of §1681c of the FCRA, *King v. Gen. Info. Servs., Inc.*, No. 2:10-cv-6850, ECF No. 52 at 10 (E.D. Pa. May 3, 2012).  The restriction of access to information, even information that is otherwise publicly available, has been recognized by the Supreme Court as implicating privacy concerns and as being grounded in common law.  *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989) (finding privacy right in not having a "rap sheet" consisting of a compilation of publicly available information).

19.     Numerous academics have also noted that the FCRA enshrines privacy by recognizing the link between protecting individual privacy and forbidding the disclosure of old information.  *See* Steven C. Bennett, The "Right to Be Forgotten": Reconciling EU and US Perspectives, 30 Berkeley J. Int'l L. 161, 167 (2012) (citing the FCRA's bar on reporting outdated information as an example of "'data minimization' (a form of the right to be forgotten)" which "has long been a central element of 'fair information practices'"); Meg Leta Ambrose, It's About Time: Privacy, Information Life Cycles, and the Right to Be Forgotten,

16 Stan. Tech. L. Rev. 369, 378–79 (2013) ("the Fair Credit Reporting Act generally disallows the use of information older than seven years that may cast the consumer in negative or unfavorable light...the hope is that the information no longer represents the individual and would limit her opportunities if it were attached to her name as she moves through life").

20. Like Congress, numerous states have similarly recognized that the reporting of old adverse information harms job applicants and have imposed similar bans. *See*, *e.g.*, N.Y. Gen. Bus. Law § 380-j; Tex. Bus. & Com. Code Ann. § 20.05; California Civil Code § 1786.18(a)(7); N.H. Rev. Stat. Ann. § 359-B:5.

21. By failing to provide Plaintiffs with the "fresh start" mandated by Congress, and by failing to respect the privacy of Plaintiffs' information, Defendant did concrete harm to her and presented a portrait of her to prospective employers that was worse than it would have been had Defendant followed the law. This violation of law was a concrete harm. *Gambles v. Sterling Infosystems, Inc.*, 15-cv-9746, ECF No. 72 (S.D.N.Y. Feb. 13, 2107); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *5–6 (N.D. Cal. July 26, 2016) (plaintiff suffered concrete injury sufficient to sue under 15 U.S.C. § 1681c(a) and § 1681e(b) when defendant created background report including arrests of plaintiff more than seven years old, because defendant "published plaintiff's stale arrests . .

.[and] thereby sent restricted information about plaintiff into the world and as such caused injury to plaintiff's privacy interest").

22.     Defendant's practice reporting outdated adverse information violates a fundamental protection afforded to consumers under the FCRA, is contrary to the unambiguous language of the statute, and is counter to longstanding judicial and regulatory guidance.  *See, e.g.,* FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Infosystems, Inc.*, 557 F. Supp. 2d 688 (C.D. Cal. 2008) (holding that the FCRA prohibits even *alluding* to existence of unreportable adverse information).

## ALLEGATIONS RELATING TO PLAINTIFFS

23.     In June 2016, Ms. Bankhead, via a staffing agency, applied for temporary employment.  As part of that application, the staffing agency, RHI General Group, purchased a consumer report about Ms. Bankhead from Defendant. (*See* Ex. 1.)

24.     The report includes information regarding a theft charge that was brought in 2000, and dismissed in 2005.  (*Id.*)

25.     Because the dismissed theft charge was older than seven years and not a conviction, its reporting was a violation of 15 U.S.C. § 1681c(a).

26.     On August 12, 2016, Ms. Bankhead, through her prior counsel, sent a letter to First Advantage, informing it that its reporting of the dismissed theft charge was illegal, and asking that the report be corrected.  (Ex. 2.)

27.     In a response letter, dated August 15, 2016, Defendant refused to correct the report, stating that "First Advantage is not permitted to correct or update a fingerprint record."  (Ex. 3.)  This response is incoherent and incorrect.

28.     Defendant knows that its report on Ms. Bankhead is subject to the FCRA.  Defendant has sent Ms. Bankhead at least three letters pursuant to specific provisions of the FCRA, including a pre-adverse action letter pursuant to 15 U.S.C. § 1681b(b)(3)(1), (Ex. 4), an adverse action letter pursuant to 15 U.S.C. § 1681m, (Ex. 5), and a response to Ms. Bankhead 's file request, pursuant to 15 U.S.C. § 1681g, (Ex. 6).  Many of these letters acknowledge that Defendant is sending these letters pursuant to the FCRA.

29.     Defendant's report on Ms. Bankhead also references the FCRA, and is accompanied by a notice of rights under the FCRA.  (Ex. 1.)

30.     In August 2018, Mr. Hall, applied for employment with Wells Fargo Community Banking.   As part of that application, Wells Fargo Community Banking purchased a consumer report about Mr. Hall from Defendant.  (*See* Ex. 7.)

31.     The report includes information regarding a theft charge that was brought in 2004, and dismissed in 2004.  (*Id.*)

32.     Because the dismissed theft charge was older than seven years and not a conviction, its reporting was a violation of 15 U.S.C. § 1681c(a).

33.     On July 25, 2018, Mr. Hall, through his counsel, sent a letter to First Advantage, requesting a complete copy of his file.  (Ex. 8.)

34.     Defendant knows that its report on Mr. Hall is subject to the FCRA. Defendant's report on Mr. Hall also references the FCRA, and is accompanied by a notice of rights under the FCRA.  (Ex. 7.)

35.     Under the FCRA, a document is either a consumer report, and subject to all the provisions of the FCRA, or it is not.  There is no reasonable interpretation of the FCRA in which Sections 1681b, 1681m, and 1681g would apply to a report, but Section 1681c would not.

36.     There is no exemption from Section 1681c based upon the source of the information at issue, or the involvement of fingerprints.

37.     Defendant is also aware of the numerous court decisions cited herein forbidding the reporting of outdated non-conviction information.

38.     Defendant's reporting of the dismissed charge was unreasonable and willful.

39.     As part of the process of assembling consumer reports, Defendant utilizes a variety of algorithms and filters to aggregate and consolidate information from a variety of sources.

40.     It is standard practice for consumer reporting agencies to write filters and algorithms "to filter out obsolete credit information." *See* www.naca.net/issues/credit-reporting-problems.

41.     Defendant, consistent with standard industry practices, could have written an algorithm or filter to ensure that all of its reports would exclude non-conviction criminal dispositions older than seven years. *See In the Matter of General Information Services, Inc.*, No. 2015-CFPB-0028, ¶ 26-27 (Oct. 29, 2015) (noting that a consumer reporting agency "possess[ed] certain proprietary software that identifies discrepancies in data across multiple traditional criminal history reports. For example, this software could identify a record that was previously suppressed from a report because it had been dismissed or expunged and prevent it from appearing on a future report").

42.     It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007).   By failing to utilize a purge date for outdated information, Defendant's practices and procedures fall far below industry standards and constitute recklessness.

43.     Defendant failed to implement these algorithms, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

44.     Defendant also failed to have the report properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of 15 U.S.C. § 1681c(a).   Had Defendant had a properly trained individual review this report, this problem would have been easily detected.

45.     Defendant has negligently and willfully violated 15 U.S.C. § 1681c(a) by routinely including all charges in the background reports it generates, even where those charges are more than seven years old and were dismissed.

46.     As a result of Defendant's conduct, job applicants, such as Plaintiffs, appear to be worse job candidates than they would be if Defendant only reported information it is allowed to report under the law.   Defendant's inclusion of this

illegal information has therefore caused concrete injury in fact. *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. July 26, 2016); *Gambles v. Sterling Infosystems, Inc.*, No. 15 CIV. 9746 (PAE), 2017 WL 589130 (S.D.N.Y. Feb. 13, 2017).

## CLASS ALLEGATIONS

47.     Plaintiffs assert their FCRA claims on behalf of the Class defined below:

> All natural persons upon whom Defendant produced a report which included records older than seven years which included the terms listed in Exhibit A in the disposition field from June 22, 2015 through January 27, 2019.

48.     Numerosity:   The Class is so numerous that joinder of all class members is impracticable.   Defendant produces reports nationwide, and has produced thousands of reports on consumers during the class period, many of whom are members of the Class.

49.     Typicality:   Plaintiffs' claims are typical of the class members' claims.  Defendant treated Plaintiffs in the same manner as other class members.

50.     Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation.

51.  Commonality:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  These common questions include:

 a.  Whether Defendant violated the FCRA by reporting outdated dismissed charges in violation of §1681c;

 b.  Whether Defendant's violation was willful;

 c.  Whether Defendant is a consumer reporting agency and subject to the requirements of the FCRA;

 d.  The proper measure of statutory and punitive damages; and

 e.  The proper form of declaratory relief.

52.  Class certification is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiffs are

unaware of any similar claims brought against Defendant by any members of the Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

53. The Class can be identified. Defendant maintains copies of consumer reports for at least two years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify charges which pre-date the date of the report by more than seven years. The reports can further be searched to identify non-convictions using commonly used terms to describe such incidents.

<u>**CLAIM FOR RELIEF**</u>
**15 U.S.C. § 1681c(a)**
<u>***Failure to Follow Reasonable Procedures***</u>
***On Behalf of all Plaintiffs and the Class***

54. Plaintiffs incorporate the paragraphs above.

55. Defendant failed to comply with 15 U.S.C. § 1681c by reporting adverse information which was older than seven years and which was not a criminal conviction.

56.     The foregoing violations were negligent.

57.     The foregoing violations were willful.

58.     Defendant acted in negligent, deliberate and reckless disregard of its

obligations and the rights of Plaintiffs and class members under 15 U.S.C. § 1681c.

Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

   a. Defendant takes no action to determine if the records older than
   seven years it reports are criminal convictions or not. This failure
   is unreasonable and willful;

   b. Even after Defendant was informed of its illegal reporting by
   Plaintiff, it refused to correct her report;

   c. The FCRA was enacted in 1970; Defendant has had over 40 years
   to become compliant;

   d. Defendant's conduct is inconsistent with the FTC's longstanding
   regulatory guidance, judicial interpretation, and the plain language
   of the statute;

   e. Defendant knew or had reason to know that Defendant's conduct
   violated the FCRA;

   f. By adopting such a policy, Defendant voluntarily ran a risk of
   violating the law substantially greater than the risk associated with
   a reading that was merely careless.

59.     Plaintiffs and the Class are entitled to statutory damages of not less

than $100 and not more than $1,000 per violation. Plaintiffs and the Class are also

entitled to punitive damages and to recover costs and attorneys' fees.

## **PRAYER FOR RELIEF**

60.    WHEREFORE, Plaintiffs, on behalf of themselves and the Class, prays for relief as follows:

a.  Determining that this action may proceed as a class action under Fed. R. Civ. P. 23;

b.  Designating Plaintiffs as class representatives and designating Plaintiffs' counsel as counsel for the Class;

c.  Issuing proper notice to the Class at Defendant's expense;

d.  Declaring that Defendant violated the FCRA;

e.  Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

f.  Awarding actual, statutory and punitive damages as provided by the FCRA;

g.  Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Class demand a trial by jury.

**BERGER MONTAGUE PC**

Dated:  April 8, 2019          /s/ E. Michelle Drake

E. Michelle Drake, SBN 229202
John G. Albanese, (*pro hac vice*)
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: 612.594.5999
Facsimile: 612.584.4470
Email: emdrake@bm.net
        jalbanese@bm.net

and

Gary B. Andrews, Jr., SBN 019375
Blake Andrews Law Firm, LLC
1831 Timothy Drive
Atlanta, GA 30329
Telephone: 770.828.6225
Email: blake@blakeandrewslaw.com

Counsel for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

By her signature below, and as required by Local Rule 7.1.D., counsel for Plaintiff certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Times New Roman (14 point).

Dated this 8th day of April, 2019.

/s/ E. Michelle Drake
E. Michelle Drake

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LATONYA T. BANKHEAD** & **JUSTIN HALL** on behalf of themselves and all others similarly situated, ) ) ) ) | |
| *Plaintiff*, ) | |
| v. ) | Case No. 1:17-cv-02910-LMM-CCB |
| ) | |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORP.**, ) ) ) | |
| *Defendant*. ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document on all counsel of record by causing a copy of the same to be served via CM/ECF to:

Henry R. Chalmers
Edward P. Cadagin
ARNALL GOLDEN GREGORY LLP
henry.chalmers@agg.com
edward.cadagin@agg.com

Dated this 8th day of April, 2019.

/s/ E. Michelle Drake
E. Michelle Drake

Exhibit 1

'

# Background Report

*Confidential*

## <u>LATONYA BANKHEAD</u>

████████████

## CID - 85903528

## RHI GENERAL GROUP
## 2613 CAMINO RAMON
## 2613 CAMINO RAMON
## SAN RAMON, CA 94583-4289

**Caution to Customer:** Under the terms of the service agreement, this report is delivered with the understanding that the recipient client will hold the same in strict confidence and not disclose it to third parties and furthermore is to be used only for the purpose indicated in the Client's agreement for service, i.e. employment/volunteer/or resident/tenant screening purposes. This report and information provided therein is strictly confidential as it contains personal and sensitive information of the consumer/applicant/candidate/employee and must be utilized solely for the business purposes consistent with the declared purpose in the service agreement and is not to be used by the client or third parties for any other purposes. Client agrees to abide and comply with all applicable laws in connection with this report including data privacy, data protection laws and other similar applicable regulations.

First Advantage is not the source of the data provided in this report in that the data is collected by First Advantage from third party data sources such as public records held in governmental databases or courthouses, schools, colleges, universities, company officials, or third party proprietary databases etc. Accordingly First Advantage does not warrant the accuracy of the information provided by those third parties and expressly disclaims any and all liability for any and all claimed losses, damages, expenses including attorney fees and costs incurred as a result of reliance upon the content of this report.

For US-based Clients or Clients obtaining reports on US residents: Client certifies that it has complied with the Fair Credit Reporting Act (FCRA) and that it has provided a clear disclosure in compliance with the FCRA to the consumer/applicant/candidate/employee and obtained consent and authorization from the consumer/applicant/candidate employee in order to receive this report. If the client intends to take adverse action based in whole or in part on the contents of this report, the client must provide the consumer with a copy of the report, a summary of consumers rights as prescribed by FCRA section 1681g(c)(3) and a copy of any applicable state law rights before taking any action, wait a reasonable period of time for the consumer to dispute any inaccurate information and then can take adverse action. First Advantage has provided your

company with copies of the CFPB Summary of Rights for this purpose.

For California based Clients or Clients obtaining reports on California residents: In California an investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.

| If you are a First Advantage Consumer | Please contact the First Advantage Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 678-694-2530** Toll Number (outside the U.S.)<br>Or visit http://fadv.com/our-company/contact-support.aspx for local contact details |
|---|---|
| First Advantage Customers | Please contact the WEST COVINA EMPLOYMENT SERVICE CENTER at:<br>**(800)888-5773** (outside North America +1-770-569-3001) |

 First Advantage Enterprise Advantage

## General Consumer Information

| | |
|---|---|
| **Consumer's Name:** LATONYA BANKHEAD | N/A02311 |
| **Client Name:** RHI GENERAL GROUP | N/A |

**The following consumer information was used in the production of this report:**
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

**SSN** ███  **Address** ███ ST. PAUL, MN ███

**Date of Birth** ███

**Other Names**
Not Provided

**Information Regarding this Order:**

| | |
|---|---|
| **Position Applied For** | |
| **Background Check** 07/Jun/2016 02:08:04 PM | **Date Ordered** 09/Apr/2016 05:54:37 PM |
| **Completion Date** | **Report Last Updated on** 17/Aug/2016 03:00:13 PM |
| **Date Report Printed** 10/May/2017 12:30:45 PM | |

**Self-Declaration Form**
**HAVE YOU EVER COMMITTED AN ACT OF DISHONESTY OR BREACH OF TRUST IN CONNECTION WITH ANY EMPLOYMENT OR AGAINST ANY WELLS FARGO ENTITY?** No

**Costcodes**

| Label | Value |
|---|---|
| Requestor Name | Paige Rankin |
| Requestor Email | paige.rankin@roberthalf.com |
| Vendor Company Name | Robert Half |
| State | MN |

All timestamps represent US Eastern Time

## First Advantage Background Report Summary

| | |
|---|---|
| **Consumer's Name:** LATONYA BANKHEAD | |
| **Background Check** 07/Jun/2016 02:08:04 PM | **Date Ordered:** 09/Apr/2016 05:54:37 PM |
| **Completion Date:** | |
| **Score Result** Not Eligible for Placement | |

**Package Name: 2CLG REGCK**

| Package Searches Ordered | Status | Review | Score |
|---|---|---|---|
| Global Sanction Search | Complete | No | |
| First Advantage Global Sanction Search | Complete | No | Eligible |
| First Advantage Financial Sanctions Search | Complete | No | |
| First Advantage Financial Sanctions Search | Complete | No | Eligible |
| **Additional Searches Ordered** | | | |
| Felony & Misdemeanor | Complete | Yes** | |
| Felony & Misdemeanor CHICAGO, COOK, IL | Complete | Yes** | Pending Case Review** |
| Felony & Misdemeanor ST PAUL, RAMSEY, MN | Complete | Yes** | Pending Case Review** |
| Felony & Misdemeanor COLUMBUS, CHISAGO, MN | Complete | Yes** | Pending Case Review** |

**Remark**
Please review applicant disclosure information. 04/20/2016 ORDERED FELONY AND MISDEMEANOR SEARCH FOR POSSIBLE RAPSHEET CHARGES.
**Score Status**
08/15/2016

\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

\*\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

CD165-06-13e

*** This product has been blocked from delivery due to compliance related restrictions.

**Social Security Number Validation**

**Note**
The Social Security Number Validation is a process where the SSN is
confirmed as being issued by the Social Security Administration. The Social Security Number
Validation also confirms that the SSN does not belong to a deceased individual.

| | | |
|---|---|---|
| **Valid SSN?**Yes | **State Issued**ILLINOIS | |
| **Date Issued**BETWEEN 1976-1976 | **Reported Deceased?**No | |

**Disclaimer**
The results of the Social Security Number Validation
do not provide a verification that the Social Security Number belongs to the Consumer of this report.

Back to top

**Felony & Misdemeanor CHICAGO, COOK, IL**

Status:Complete
Pending
Score: Case
Review**

| | |
|---|---|
| **Record Source** | COOK COUNTY CIRCUIT COURT |
| **Search Results** | Record Found |
| **Search Type** | FELONY & MISDEMEANOR RECORD SEARCH |
| **Date of Search** | 11/May/2016 |
| **Search Period** | 04/06/1990 - 04/06/2016 |
| **Address City Covered** | CHICAGO |
| **Address County Covered** | COOK |
| **Address State Covered** | IL |
| **Location** | 2650 S CALIFORNIA AVE CHICAGO COOK COUNTY |
| **Given Name Searched** | LATONYA BANKHEAD |
| **Developed Name Searched** | LATONYA BANKHEAD, TRINETTE DANIELS, TAMIKO S BANKHEAD |
| **Comments** | THE COOK COURTS HAVE NO ADDITIONAL CRIMINAL RECORDS FOR LATONYA BANKHEAD OR ADDITIONAL AKAS WITH A DOB OF 08/10/1968 FOR THE ARRESTS ON 10/01/1991, 03/30/1995, 04/26/1996, AND 10/07/1996. THIS INFORMATION WAS NOT CONFIRMED BY A COURT CLERK, AS THE CLERK WAS UNWILLING TO ASSIST. THE STATE ATTORNEY'S OFFICE WAS UNWILLING TO PROVIDE ANY ADDITIONAL INFORMATION. |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 9640011965 |
| **Case Date** | 26/Sep/1996 |
| **Name on File** | LATONYA T BANKHEAD |
| **DoB on File** | |
| **Charge** | RETAIL THEFT |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Disposition Date** | 07/Oct/1996 |
| **Sentence** | JAIL 12 DAYS |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 964006299 |
| **Case Date** | 28/May/1996 |
| **Name on File** | LATONYA T BANKHEAD |
| **DoB on File** | |
| **Charge** | RETAIL THEFT |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Disposition Date** | 21/Oct/1996 |
| **Sentence** | JAIL 30 DAYS; CONDITIONAL DISCHARGE TERMINATED 10/20/1997; CONDITIONAL DISCHARGE 1 YEAR |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 964004650 |
| **Case Date** | 14/Feb/1995 |
| **Name on File** | LATONYA T BANKHEAD |
| **DoB on File** | |
| **Charge** | RETAIL THEFT |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | COURT SUPERVISION |
| **Disposition Date** | 21/Mar/1995 |
| **Sentence** | SUPERVISION TERMINATED 05/07/1996; SUPERVISION 1 YEAR |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 964004650 |
| **Case Date** | 26/Apr/1996 |
| **Name on File** | LATONYA T BANKHEAD |
| **DoB on File** | |
| **Charge** | ATTEMPTED RETAIL THEFT |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Disposition Date** | 21/Oct/1996 |

| | |
|---|---|
| Sentence | WARRANT ISSUED 03/14/97 / PENDING; CONDITIONAL DISCHARGE 1 YEAR |
| Charge | CRIMINAL DAMAGE TO PROPERTY |
| Charge Type | MISDEMEANOR |
| Disposition | GUILTY |
| Disposition Date | 21/Oct/1996 |
| Sentence | WARRANT ISSUED 03/14/1997 / PENDING; RESTITUTION 126 |

### Source Status History

| Status Date | Description |
|---|---|
| 02/Jun/2016 04:57:24 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 06/06/2016 |
| 01/Jun/2016 04:08:00 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 06/02/2016 |
| 31/May/2016 04:18:10 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 06/01/2016 |
| 12/May/2016 02:26:39 PM | Reinvestigation in process. Request mailed for additional research, pending receipt of documentation from court. Follow up scheduled for 05/31/2016 |
| 05/May/2016 12:02:56 AM | Pending additional research at the Court. Expected Completion by 06/09/2016 |
| 21/Apr/2016 09:01:48 PM | Additional Research Required, Expected completion by 05/04/2016 |
| 20/Apr/2016 01:40:07 PM | Search in progress. Expected completion by 04/26/2016 |

### Order Process History

| Date | Description |
|---|---|
| 20/Apr/2016 01:39:54 PM | Search In Progress. |
| 20/Apr/2016 01:39:59 PM | Search In Progress. |
| 11/May/2016 04:48:34 AM | Record sent for Auto Adjudication. |
| 11/May/2016 04:48:50 AM | Search In Progress. |
| 11/May/2016 08:20:06 AM | Research Required -- First Advantage Research In Progress -- Delay Possible. |
| 07/Jun/2016 02:07:49 PM | Record Judged. |

Back to top

**Felony & Misdemeanor ST PAUL, RAMSEY, MN**

Status:Complete
Pending
Score: Case
Review**

| | |
|---|---|
| Record Source | RAMSEY 2ND JUDICIAL DISTRICT COURT |
| Search Results | Record Found |
| Search Type | FELONY & MISDEMEANOR RECORD SEARCH |
| Date of Search | 21/Apr/2016 |
| Search Period | 04/06/1990 - 04/20/2016 |
| Address City Covered | ST PAUL |
| Address County Covered | RAMSEY |
| Address State Covered | MN |
| Location | 15 W KELLOGG ST PAUL RAMSEY COUNTY |
| Given Name Searched | LATONYA BANKHEAD |
| Developed Name Searched | TRINETTE DANIELS, TAMIKO S BANKHEAD, LATONYA BANKHEAD |
| Comments | ADMITTED OFFENSE - NO REPORTABLE RECORD FOUND |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| Case Reference # | 62-T0-00-7613 |
| Case Date | 18/Jan/2000 |
| Name on File | LATONYA TRINETTE BANKHEAD |
| Address on File | ▇▇▇▇▇ ST PAUL, MN |
| DoB on File | |
| Charge | THEFT |
| Charge Type | MISDEMEANOR |
| Disposition | DISMISSED |
| Disposition Date | 23/Mar/2005 |
| Sentence | SENTENCE TERMS NO DEFERRAL |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| Case Reference # | 62-T3-03-51541 |
| Case Date | 13/Oct/2003 |
| Name on File | LATONYA TRINETTE BANKHEAD |
| Address on File | ▇▇▇▇▇ ST PAUL, MN |
| DoB on File | |
| Charge | DRIVING AFTER SUSPENSION |
| Charge Type | MISDEMEANOR |
| Disposition | DISMISSED |
| Disposition Date | 09/Dec/2009 |
| Sentence | SENTENCE TERMS NO DEFERRAL |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Partial matched by the following identifiers: Middle Name*

| | |
|---|---|
| Case Reference # | 62-K6-99-600658 |
| Case Date | 23/Jun/1999 |
| Name on File | TAMIKO SHARON BANKHEAD |
| Address on File | ▇▇▇▇▇ S ST PAUL, MN |
| DoB on File | |
| Charge | ISSUE DISHONORED CHECK VALUE MORE THAN $250 |
| Charge Type | GROSS MISDEMEANOR |

CD165-06-13e

| | |
|---|---|
| **Disposition** | GUILTY |
| **Disposition Date** | 16/Mar/2005 |
| **Sentence** | RESTITUTION TO WALMART 216.09, 131.67, 106.33, 116.71; PROBATION VIOLATION 10/30/2008 - 1 DAY JAIL; FINE AND COSTS 3065 $2950 STAY; NO SIMILAR VIOLATIONS LAW ABIDING; JAIL CONDITIONAL 4 DAYS; PROBATION 2 YEARS; JAIL SUSPENDED 365 DAYS FOR 2 YEARS |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 62-CR-08-15264 |
| **Case Date** | 03/Nov/2008 |
| **Name on File** | LATONYA TRINETTE BANKHEAD |
| **Address on File** | ███████████ ST PAUL, MN |
| **DoB on File** | |
| **Charge** | TRAFFIC-DRIVERS LICENSE-DRIVING AFTER SUSPENDED |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | DISMISSED |
| **Disposition Date** | 19/Feb/2013 |
| **Sentence** | PROBATION 1 YEAR; NO SIMILAR VIOLATIONS REMAIN LAW ABIDING; ORIGINAL DISPOSITION CONTINUED FOR DISMISSAL |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 62-CR-09-186 |
| **Case Date** | 06/Jan/2009 |
| **Name on File** | LATONYA TRINETTE BANKHEAD |
| **Address on File** | ███████████ ST PAUL, MN |
| **DoB on File** | 01/43:27 PM |
| **Charge** | TRAFFIC-DRIVERS LICENSE-DRIVING AFTER SUSPENDED |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | DISMISSED |
| **Disposition Date** | 19/Feb/2013 |
| **Sentence** | ORIGINAL DISPOSITION CONTINUED FOR DISMISSAL; NO SIMILAR VIOLATIONS REMAIN LAW ABIDING; PROBATION 1 YEAR |

**Source Status History**

| Status Date | Description |
|---|---|
| 25/Apr/2016 12:34:54 PM | Reinvestigation in process. Request mailed for additional research, pending receipt of documentation from court. Follow up scheduled for 05/12/2016 |
| 22/Apr/2016 05:40:17 PM | Reinvestigation in process. Phone attempt made, awaiting follow up from court. |
| 20/Apr/2016 05:06:10 PM | Additional Research Required. Expected completion by 04/22/2016 |
| 20/Apr/2016 01:43:27 PM | Search in progress. Expected completion by 04/22/2016 |

**Order Process History**

| Date | Description |
|---|---|
| 20/Apr/2016 01:43:18 PM | Search In Progress. |
| 20/Apr/2016 01:43:27 PM | Search In Progress. |
| 21/Apr/2016 10:40:30 AM | Record sent for Auto Adjudication. |
| 21/Apr/2016 10:41:33 AM | Search In Progress. |
| 21/Apr/2016 03:01:37 PM | Research Required -- First Advantage Research In Progress -- Delay Possible |
| 26/Apr/2016 02:33:40 PM | Record Judged. |

Back to top

**Status:** Complete
Pending
**Score:** Case
Review**

## Felony & Misdemeanor COLUMBUS, CHISAGO, MN

| | |
|---|---|
| **Record Source** | CHISAGO 10TH JUDICIAL DISTRICT COURT |
| **Search Results** | Record Found |
| **Search Type** | FELONY & MISDEMEANOR RECORD SEARCH |
| **Date of Search** | 20/Apr/2016 |
| **Search Period** | 04/06/1990 - 04/20/2016 |
| **Address City Covered** | COLUMBUS |
| **Address County Covered** | CHISAGO |
| **Address State Covered** | MN |
| **Location** | 313 N MAIN ST, RM 358 CENTER CITY CHISAGO COUNTY |
| **Given Name Searched** | LATONYA BANKHEAD |
| **Developed Name Searched** | TRINETTE DANIELS, LATONYA BANKHEAD, TAMIKO S BANKHEAD |

*Full matched by the following identifiers: Last Name, First Name, DOB*

| | |
|---|---|
| **Case Reference #** | 13-T3-99-3721 |
| **Case Date** | 17/Mar/2005 |
| **Name on File** | TAMIKO BANKHEAD |
| **DoB on File** | |
| **Charge** | THEFT BY CHECK |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Disposition Date** | 25/May/2005 |
| **Sentence** | RESTITUTION TO STATE OF MINNESOTA DEPARTMENT OF FINANCE 73.87 |

**Source Status History**

| Status Date | Description |
|---|---|
| 26/Apr/2016 11:08:33 AM | Reinvestigation in process. Phone attempt made, awaiting follow up from court. |
| 25/Apr/2016 12:41:48 PM | Reinvestigation in process. Phone attempt made, awaiting follow up from court. |

| 22/Apr/2016 05:47:36 PM | Reinvestigation in process, Phone attempt made, awaiting follow up from court, |
| 20/Apr/2016 01:44:08 PM | Search in progress. Expected completion by 04/22/2016 |

**Order Process History**

| Date | Description |
| --- | --- |
| 20/Apr/2016 01:44:02 PM | Search In Progress. |
| 20/Apr/2016 01:44:08 PM | Search In Progress. |
| 20/Apr/2016 04:07:26 PM | Search In Progress. |
| 21/Apr/2016 09:15:35 AM | Research Required -- First Advantage Research In Progress -- Delay Possible. |
| 27/Apr/2016 11:51:16 AM | Record Judged. |

Back to top

| **First Advantage Global Sanction Search** | **Status:Complete** |
| --- | --- |
| | **Score: Eligible** |

| Record Source | FIRST ADVANTAGE GLOBAL SANCTIONS DATABASE |
| --- | --- |
| Search Results | No Record Found |
| Search Type | FIRST ADVANTAGE GLOBAL SANCTION SEARCH |
| Date of Search | 09/Apr/2016 |
| Search Period | 03/26/2009 - 04/08/2016 |
| Location | CONCOURSE PKWY ATLANTA FULTON COUNTY |
| Given Name Searched | LATONYA BANKHEAD |
| Developed Name Searched | LATONYA BANKHEAD |

**Source Status History**

| Status Date | Description |
| --- | --- |
| 09/Apr/2016 05:54:39 PM | Search in progress. Expected completion by 04/13/2016 |

**Order Process History**

| Date | Description |
| --- | --- |
| 09/Apr/2016 05:54:38 PM | Search In Progress. |
| 09/Apr/2016 05:54:39 PM | Search In Progress. |
| 09/Apr/2016 06:00:18 PM | Search In Progress. |
| 09/Apr/2016 06:00:18 PM | Record Judged. |

Back to top

| **First Advantage Financial Sanctions Search** | **Status:Complete** |
| --- | --- |
| | **Score: Eligible** |

**Description**
FIRST ADVANTAGE FINANCIAL SANCTIONS SEARCH - NAME SEARCHED:BANKHEAD,LATONYA
**Remark**
FIRST ADVANTAGE HAS CONDUCTED A SEARCH AGAINST THE FINANCIAL SANCTIONS DATABASE: NO RECORD FOUND.

**Order Process History**

| Date | Description |
| --- | --- |
| 09/Apr/2016 05:54:38 PM | Record Ordered. |
| 11/Apr/2016 12:44:02 PM | Record Judged. |

*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

## A Summary Of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure").

You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
- a person has taken adverse action against you because of information in your credit report;
- you are the victim of identity theft and place a fraud alert in your file;
- your file contains inaccurate information as a result of fraud;
- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street SW<br>Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20549 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

Exhibit 2



### SMRLS
SOUTHERN MINNESOTA
**REGIONAL LEGAL SERVICES**

**Saint Paul Central Office**

55 East Fifth Street, Suite 400
St. Paul, MN 55101
Phone: (651) 222-5863 • Fax: (651) 297-6457
Website: www.smrls.org • Email: central@smrls.org

August 12, 2016

First Advantage Consumer Center
P.O. Box 105292
Atlanta, GA 30348-5292

Re: Accuracy of Background Information for
Latonya T. Bankhead (DOB: ███████████)

To Whom It May Concern:

I am contacting you on behalf of my client, Latonya Bankhead. Your agency recently conducted a background check on Ms. Bankhead. Enclosed is a copy of your report. In the criminal records section of the report, a dismissed misdemeanor theft charge is listed. The case reference number is 62-T0-00-7613, and it is a case from 2000. Enclosed is a copy of the Register of Action.

Under federal law, dismissed charges that are more than seven years old cannot be reported on background checks. *See* 15 U.S.C. § 1681c(a)(5). We ask that you please remove this from your database in order to be in accordance with federal law.

Please notify my office once your records have been corrected. My phone number is 651-222-5863. Thank you for your assistance in this matter – it is greatly appreciated.

Sincerely,

Meghan R. Scully
Attorney at Law



SMRLS Administrative Offices: 55 East Fifth St., Suite 1000, St. Paul, MN 55101
SMRLS Board Chair: Gail Olson    Chief Executive Officer: Jessie Nicholson, Esq.
LEGAL SERVICES CORPORATION



Exhibit 3



## First Advantage
### A Symphony Technology Group Company

August 15, 2016

Latonya Bankhead
████████████████
Saint Paul, MN ████

Re: Disputed Fingerprint Submission Report

Dear Latonya Bankhead:

As you requested we have completed our additional review of the information that you disputed in your fingerprint report. First Advantage is not permitted to correct or update a fingerprint record because the following process must be followed.

If you believe the Electronic Ten-Print Fingerprints Submission Response Information Report is inaccurate or incomplete, you can contact the agency that provided the information directly to discuss the matter or/and you may wish to contact the FBI of the information you identify as inaccurate or incomplete. Please refer to the attached document (Title 28 – Judicial Administration, Chapter 1 – Department of Justice) for more information.

The agency reporting the information to the FBI is Ramsey District Court (651) 266-1999.

Once you have been notified by the FBI that your report has been updated, please contact the hiring company for further assistance.

If the outcome of our additional review did not resolve your dispute, you may submit a brief statement that will be added to your file explaining the nature of your dispute. If you would like assistance in doing so, you may contact us at the number listed below.

We have enclosed a copy of "Titles 28 50.12 and 16.34 Title 28 – Judicial Administration, Chapter 1 – Department of Justice" along with additional disclosure information. If you have any questions concerning this matter, please contact the Consumer Advocacy Department at (888) 215-3727 and reference Ticket # 439134.

Sincerely,

Lisa Maffei
Consumer Dispute Investigation Team
Enclosures

Exhibit 4

WELLS FARGO CONTINGENT WORK FO
2900 REGENCY SQUARE
SUITE 5
ALTOONA, PA 16601

06/15/2016

LATONYA BANKHEAD

ST. PAUL, MN

Dear LATONYA BANKHEAD :

We regret to inform you that based on our hiring criteria we are unable to consider you further for placement at RHI GENERAL GROUP. This decision was made in part from the information we received from First Advantage our placement screening vendor. First Advantage does not make these decisions and is unable to provide you with the specific reasons for them.

In accordance with the Fair Credit Reporting Act you have previously received a copy of this information and a copy of your rights under the Act. You also have the right to obtain an additional free copy of the report within 60 days of your receipt of this letter by contacting the supplier at the addresses and telephone numbers below. Please refer to these documents if you have further questions. You have the right to dispute the accuracy or completeness of the information contained in the report(s) by contacting First Advantage or if the report is an FBI report by following instruction included in Title 28 Code of Federal Regulations section 16.34. The First Advantage forms for the reinvestigation are available at http://www.fadv.com/dispute/.

If you do not have internet access you may alternatively contact First Advantage by mail or telephone.

First Advantage, Consumer Disclosure Center
PO Box 105292
Atlanta, GA 30348
1-800-845-6004

Thank you for your interest in employment with our organization.

Regards

Exhibit 5

WELLS FARGO CONTINGENT WORK FO
2900 REGENCY SQUARE
SUITE 5
ALTOONA, PA 16601

06/23/2016

LATONYA BANKHEAD

SAINT PAUL, MN

Dear LATONYA BANKHEAD :

We regret to inform you that based on our hiring criteria we are unable to consider you further for placement at RHI GENERAL GROUP. This decision was made in part from the information we received from First Advantage our placement screening vendor. First Advantage does not make these decisions and is unable to provide you with the specific reasons for them.

In accordance with the Fair Credit Reporting Act you have previously received a copy of this information and a copy of your rights under the Act. You also have the right to obtain an additional free copy of the report within 60 days of your receipt of this letter by contacting the supplier at the addresses and telephone numbers below. Please refer to these documents if you have further questions. You have the right to dispute the accuracy or completeness of the information contained in the report(s) by contacting First Advantage or if the report is an FBI report by following instruction included in Title 28 Code of Federal Regulations section 16.34. The First Advantage forms for the reinvestigation are available at http://www.fadv.com/dispute/.

If you do not have internet access you may alternatively contact First Advantage by mail or telephone.

First Advantage, Consumer Disclosure Center
PO Box 105292
Atlanta, GA 30348
1-800-845-6004

Thank you for your interest in employment with our organization.

Regards

Exhibit 6


## First Advantage
A Symphony Technology Group Company

May 10, 2017


Latonya Bankhead
██████████████████
St Paul, MN ███████████


We received your request to obtain your Full File Disclosure. We have reviewed our records and found results matching the identification information you provided. A copy of the reported information has been enclosed for your records.

If you believe any of the information on your report is incorrect or incomplete and you wish to file a dispute, please contact us by phone, fax, e-mail, or mail.

**First Advantage Consumer Center**
**P.O. Box 105292**
**Atlanta, GA 30348-5292**
**Toll free phone: 1-800-845-6004**
**Fax: 727-214-2127**
**Email: consumer.documents@fadv.com**

First Advantage provides consumer reports to its customers (employers, volunteer organizations and residence communities) that have obtained the applicant's consent. Your Full File Disclosure will contain any records First Advantage has in its own databases and all reports on you provided to its customers.

To learn more about First Advantage background reports and other First Advantage consumer services, please visit our consumer web site *http://www.fadv.com/products/solutions/consumer-solutions*.

Thank you for giving us the opportunity to assist you.


First Advantage Consumer Advocacy Center (7233)



NOTE: Phone calls to our Consumer Center may be monitored for quality assurance.

Exhibit 7

First Advantage
P. O. Box 50467
Indianapolis, IN 46209-1002

08/30/2018

JUSTIN HALL



Dear JUSTIN HALL :

Pursuant to your request, attached is a copy of your Consumer Report that was requested by:

WELLS FARGO-COMMUNITY BANKING
100 W WASHINGTON ST FL 16
MAC S4101-105, 10TH FL
PHOENIX,AZ,85003-1821

The results of this report are confidential and will not be distributed to any organization other than
the one that originally requested it.
The report is not an indication of an acceptance or a rejection of your employment or service.

If you have any questions or concerns regarding the Consumer Report or if you do not agree with
the accuracy or completeness of the information, you have the right to dispute such information
information, you have the right to dispute such information with First Advantage Background
Services Corp by contacting:

First Advantage, Consumer Disclosure Center
PO Box 105292
Atlanta, GA 30348
1-800-845-6004

Sincerely,
First Advantage
Enclosures: Copy of Consumer Report




# Background Report

*Confidential*

## JUSTIN HALL

▮▮▮▮▮

### CID - 128024916

WELLS FARGO-COMMUNITY BANKING
100 W WASHINGTON ST FL 16
MAC S4101-105, 10TH FL
PHOENIX, AZ 85003-1821

**Caution to Customer:** Under the terms of the service agreement, this report is delivered with the understanding that the recipient client will hold the same in strict confidence and not disclose it to third parties and furthermore is to be used only for the purpose indicated in the Client's agreement for service, i.e. employment/volunteer/or resident/tenant screening purposes. This report and information provided therein is strictly confidential as it contains personal and sensitive information of the consumer/applicant/candidate/employee and must be utilized solely for the business purposes consistent with the declared purpose in the service agreement and is not to be used by the client or third parties for any other purposes. Client agrees to abide and comply with all applicable laws in connection with this report including data privacy, data protection laws and other similar applicable regulations.

First Advantage is not the source of the data provided in this report in that the data is collected by First Advantage from third party data sources such as public records held in governmental databases or courthouses, schools, colleges, universities, company officials, or third party proprietary databases etc. Accordingly First Advantage does not warrant the accuracy of the information provided by those third parties and expressly disclaims any and all liability for any and all claimed losses, damages, expenses including attorney fees and costs incurred as a result of reliance upon the content of this report.

For US-based Clients or Clients obtaining reports on US residents: Client certifies that it has complied with the Fair Credit Reporting Act (FCRA) and that it has provided a clear disclosure in compliance with the FCRA to the consumer/applicant/candidate/employee and obtained consent and authorization from the consumer/applicant/candidate employee in order to receive this report. If the client intends to take adverse action based in whole or in part on the contents of this report, the client must provide the consumer with a copy of the report, a summary of consumers rights as prescribed by FCRA section 1681g(c)(3) and a copy of any applicable state law rights before taking any action, wait a reasonable period of time for the consumer to dispute any inaccurate information and then can take adverse action. First Advantage has provided your company with copies of the CFPB Summary of Rights for this purpose.

For California based Clients or Clients obtaining reports on California residents: In California an investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.

| If you are a First Advantage Consumer | Please contact the First Advantage Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 971-280-8128** Toll Number (outside the U.S.)<br>Or visit http://fadv.com/our-company/contact-support.aspx for local contact details |
| --- | --- |

## General Consumer Information

**Consumer's Name** JUSTIN HALL

**Client Name** WELLS FARGO-
COMMUNITY BANKING

**CANDIDATE ID** NONE
**(NUMBERS ONLY)**

**REQUISITION NUMBER** 5414091
**(NUMBERS ONLY)**

The following consumer information was used in the production of this report:
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

**SSN** ███

**Address** ███

**Date of Birth** ███
**Consumer Contact** ███

**Consumer Alternate Contact**

**Other Names**
Not Provided

**Information Regarding this Order:**

**Position Applied For**

**Background Check** 30/Aug/2018 12:43:29 PM
**Completion Date**

**Date Report Printed** 30/Aug/2018 12:43:33 PM

**Date Ordered** 29/Jun/2018 10:11:28 PM
**Report Last Updated** 30/Aug/2018 12:43:29 PM
**on**

## Self-Declaration Form

**Charge** WRITING BAD CHECK

**Charge Type** FELONY

**Charge Date** 2006-06-22

**Offense Date** 2006-04-01

**Disposition Date** 2007-10-10

**County** CADDO

**City/Municipality** SHREVEPORT

**State** LA

**Arrest Date** None Provided

**Disposition**

FIRST OFFENDER PARDON OCTOBER 10, 2007

**Additional Charge Description**

WRITING BAD CHECK

**HAVE YOU EVER COMMITTED AN ACT OF DISHONESTY OR BREACH OF TRUST IN CONNECTION WITH ANY EMPLOYMENT OR AGAINST ANY WELLS FARGO ENTITY?**   No

## Costcodes

| Label | Value |
| --- | --- |
| Requestor Name | Katherine Eakin |
| Requestor Email | Katherine.mcdowell@wellsfargo.com |
| AU | 0041805 |
| State | TX |
| Business Line | Select One |

All timestamps represent US Eastern Time

**Status: Complete**
**Score: Eligible**

**First Advantage Financial Sanctions Search**
**Date Completed: 02/Jul/2018**

**Description**
FIRST ADVANTAGE FINANCIAL SANCTIONS SEARCH - NAME SEARCHED:HALL,JUSTIN

**Remark**
07/02/2018: FIRST ADVANTAGE HAS CONDUCTED A SEARCH AGAINST THE FINANCIAL SANCTIONS DATABASE:
NO RECORD FOUND.

| Order Process History | |
| --- | --- |
| **Date** | **Description** |
| 29/Jun/2018 10:11:29 PM | Record Ordered. |
| 02/Jul/2018 12:40:36 AM | Record Judged. |

*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la
Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

**A Summary Of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information
in the files of consumer reporting agencies. There are many types of consumer reporting agencies,
including credit bureaus and specialty agencies (such as agencies that sell information about check
writing histories, medical records, and rental history records). Here is a summary of your major rights
under the FCRA. **For more information, including information about additional rights, go to
www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau,
1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who
  uses a credit report or another type of consumer report to deny your application for credit,
  insurance, or employment - or to take another adverse action against you - must tell you, and
  must give you the name, address, and phone number of the agency that provided the
  information.

- **You have the right to know what is in your file.** You may request and obtain all the
  information about you in the files of a consumer reporting agency (your "file disclosure"). You will
  be required to provide proper identification, which may include your Social Security number. In
  many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit
    report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.
  In addition, all consumers are entitled to one free disclosure every 12 months upon request from
  each nationwide credit bureau and from nationwide specialty consumer reporting agencies.
  Seewww.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of
  your credit-worthiness based on information from credit bureaus. You may request a credit score
  from consumer reporting agencies that create scores or distribute scores used in residential real
  property loans, but you will have to pay for it. In some mortgage transactions, you will receive

## Felony & Misdemeanor CADDO, CADDO, LA
### Date Completed: 30/Aug/2018

**Status: Complete**
**Score: Pending Case Review\*\***

| | |
|---|---|
| **Record Source** | CADDO PARISH 1ST DISTRICT COURT |
| **Search Results** | Record Found |
| **Search Type** | FELONY & MISDEMEANOR RECORD SEARCH |
| **Date of Search** | 09/Jul/2018 |
| **Search Period** | 06/18/2003 - 06/18/2018 |
| **Address City Covered** | CADDO |
| **Address County Covered** | CADDO |
| **Address State Covered** | LA |
| **Location** | 50 TEXAS ST, RM 103 SHREVEPORT CADDO COUNTY |
| **Given Name Searched** | JUSTIN HALL |
| **Developed Name Searched** | JUSTIN HALL |
| **Comments** | REQUESTED OFFENSE FOUND - NOT REPORTABLE PER FCRA |

*Full matched by the following identifiers: Last Name, First Name, DOB*

| | |
|---|---|
| **Case Reference #** | 234560 |
| **Case Date** | 18/Nov/2004 |
| **Name on File** | JUSTIN HALL |
| **DoB on File** | |
| **Charge** | ISSUING WORTHLESS CHECK |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | DISMISSED |
| **Disposition Date** | 27/Nov/2004 |
| **Sentence** | PAID RESTITUTION ; WARRANT ISSUED IN MARCH 2004 PER COURT CLERK NO FURTHER INFORMATION AVAILABLE |

*Full matched by the following identifiers: Last Name, First Name, DOB*
*Developed matched by the following identifiers: Middle Name*

| | |
|---|---|
| **Case Reference #** | 245235 |
| **Case Date** | 24/Aug/2005 |
| **Name on File** | JUSTIN DEWAYNE HALL |
| **DoB on File** | |
| **Charge** | BANK FRAUD |
| **Charge Type** | FELONY |
| **Disposition** | DISMISSED |
| **Disposition Date** | 31/Aug/2006 |
| **Sentence** | SENTENCE TERMS NO DEFERRAL |
| **Charge** | BANK FRAUD |
| **Charge Type** | FELONY |
| **Disposition** | CONVICTED |
| **Disposition Date** | 31/Aug/2006 |

4201115108256685

| Sentence | PRISON 18 MONTHS |
| --- | --- |

## Source Status History

| Status Date | Description |
| --- | --- |
| 28/Aug/2018 12:41:12 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/29/2018 |
| 27/Aug/2018 02:02:15 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/28/2018 |
| 22/Aug/2018 04:39:35 PM | Reinvestigation in process. Follow up scheduled for 08/27/2018 |
| 22/Aug/2018 10:18:16 AM | Reinvestigation in process. Follow up scheduled for 08/23/2018 |
| 20/Aug/2018 02:10:00 PM | Reinvestigation in process. Follow up scheduled for 08/21/2018 |
| 17/Aug/2018 04:31:35 PM | Reinvestigation in process. Follow up scheduled for 08/20/2018 |
| 14/Aug/2018 02:14:07 PM | Reinvestigation in process. Request mailed for additional research, pending receipt of documentation from court. Follow up scheduled for 08/17/2018 |
| 07/Aug/2018 03:35:04 PM | Reinvestigation in process. Request mailed for additional research, pending receipt of documentation from court. Follow up scheduled for 08/14/2018 |
| 03/Aug/2018 03:45:35 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/07/2018 |
| 02/Aug/2018 03:13:02 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/03/2018 |
| 01/Aug/2018 05:00:09 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/02/2018 |
| 31/Jul/2018 04:10:10 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 08/01/2018 |
| 30/Jul/2018 11:23:57 AM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/31/2018 |
| 27/Jul/2018 10:42:42 AM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/30/2018 |
| 27/Jul/2018 09:34:01 AM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/30/2018 |
| 26/Jul/2018 12:56:49 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 11/27/2018 |
| 25/Jul/2018 09:47:02 AM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/26/2018 |
| 24/Jul/2018 01:32:49 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/25/2018 |
| 17/Jul/2018 01:31:53 PM | Reinvestigation in process. Request mailed for additional research, pending receipt of documentation from court. Follow up scheduled for 07/24/2018 |
| 16/Jul/2018 02:25:50 PM | Reinvestigation in process. Phone attempt made, follow up scheduled for 07/17/2018 |
| 06/Jul/2018 05:13:27 PM | Additional handling required. Estimated completion by 07/10/2018 |
| 03/Jul/2018 11:50:27 AM | Additional handling required. Estimated completion by 07/10/2018 |
| 02/Jul/2018 01:35:59 PM | Search in progress. Estimated completion by 07/05/2018 |

## Order Process History

| Date | Description |
| --- | --- |
| 02/Jul/2018 01:34:50 PM | Search In Progress. |
| 02/Jul/2018 01:34:53 PM | Search In Progress. |
| 09/Jul/2018 01:22:49 PM | Search In Progress. |
| 09/Jul/2018 02:48:46 PM | Research Required -- First Advantage Research In Progress -- Delay Possible. |
| 30/Aug/2018 12:42:46 PM | Record Judged. |

# First Advantage Background Report Summary

**Consumer's Name:** JUSTIN HALL

**Background Check Completion Date:** 30/Aug/2018 12:43:29 PM

**Date Ordered:** 29/Jun/2018 10:11:28 PM

**Score Result** Pending Case Review

| Package Name: A STANDARD PACKAGE | | | |
|---|---|---|---|
| **Package Searches Ordered** | **Status** | **Review** | **Score** |
| First Advantage Financial Sanctions Search | Complete | No | |
| First Advantage Financial Sanctions Search | Complete | No | Eligible |
| Rapsheet Adjudication | Complete | Yes** | |
| Rapsheet Adjudication | Complete | Yes** | Pending Case Review** |
| **Additional Searches Ordered** | | | |
| Felony & Misdemeanor | Complete | Yes** | |
| Felony & Misdemeanor CADDO, CADDO, LA | Complete | Yes** | Pending Case Review** |

## Remark

Please review applicant disclosure information. 07/02/2018: ORDERED FELONY AND MISDEMEANOR SEARCH FOR POSSIBLE RAPSHEET CHARGES.

## Score Status

08/30/2018

\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

\*\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

\*\*\* This product has been blocked from delivery due to compliance related restrictions.

# Social Security Number Validation

## Note

The Social Security Number Validation is a process where the SSN is
confirmed as being issued by the Social Security Administration. The Social Security Number
Validation also confirms that the SSN does not belong to a deceased individual.

**Valid SSN?** Yes          **State Issued** CALIFORNIA

**Date Issued** ██████████          **Reported Deceased?** No

## Disclaimer

The results of the Social Security Number Validation
do not provide a verification that the Social Security Number belongs to the Consumer of this report.

| 2. To the extent not included in item 1 above: | a. Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |
|---|---|
| a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks | |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | b. Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480 c. FDIC Consumer Response Center 1100 Walnut Street, Box #11 Kansas City, MO 64106 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | d. National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314 |
| d. Federal Credit Unions | |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division Department of Transportation 1200 New Jersey Avenue, S.E. Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board Department of Transportation 395 E Street SW Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20549 |
| 7. Brokers and Dealers | Securities and Exchange Commission 100 F Street NE Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Drive McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

**Texas Residents:**

### Notice

Under the Fair Credit Reporting Act (FCRA), all consumers are entitled to one free annual file disclosure in any twelve month period. You may be charged a reasonable fee, not exceeding eight dollars, for each additional disclosure within any 12-month period.

However, there is no fee if (1) you have been notified of an adverse action taken towards you based upon information appearing in your consumer file within the preceding 60 days, (2) you suspect that your

4201113108256667


contradictory information in your file does not by itself constitute reasonable grounds for determining that the dispute is frivolous or irrelevant.

If disputed information is found to be inaccurate or cannot be verified after a reinvestigation, the consumer reporting agency, unless otherwise directed by you, shall promptly delete the information, revise your file, and provide the revised consumer report to you and to each person who requested the consumer report within the preceding six months. The consumer reporting agency may not report the inaccurate or unverified information in subsequent reports.

Information deleted may not be reinserted in your file unless the person who furnishes the information to the consumer reporting agency reinvestigates and states in writing or by electronic record to the agency that the information is complete and accurate.

A consumer reporting agency shall provide written notice of the results of a reinvestigation or reinsertion made under this section not later than the fifth business day after the date on which the reinvestigation or reinsertion has been completed. The notice must include:

- A statement that the reinvestigation is complete;

- A statement of the determination made by the agency on the completeness or accuracy of the disputed information;

- A copy of the consumer's file or consumer report and a description of the results of the reinvestigation;

- A statement that a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency on request, including the name, business address, and, if available, the telephone number of each person contacted in connection with the information;

- A statement that the consumer is entitled to add a statement to the consumer's file disputing the accuracy or completeness of the information as provided by Section 611 of the Fair Credit Reporting Act (15 U.S.C. Section 1681i), as amended; and

- A statement that the consumer may be entitled to dispute resolution as prescribed by this section, after the consumer receives the notice specified under this subsection.

- This section does not require a person who obtains a consumer report for resale to another person to alter or correct an inaccuracy in the consumer report if the report was not assembled or prepared by the person.

Except as provided a consumer reporting agency may not furnish a consumer report containing information related to:

- A case under Title 11 of the United States Code or under the federal Bankruptcy Act in which the date of entry of the order for relief or the date of adjudication predates the consumer report by more than 10 years;

- Suit or judgment in which the date of entry predates the consumer report by more than seven years or the governing statute of limitations, whichever is longer;

- A tax lien in which the date of payment predates the consumer report by more than seven years;

- A record of arrest, indictment, or conviction of a crime in which the date of disposition, release, or parole predates the consumer report by more than seven years; or

- Another item or event that predates the consumer report by more than seven years.

A consumer reporting agency may furnish a consumer report that contains information if the information is provided in connection with:

- A credit transaction with a principal amount that is or may reasonably be expected to be $ 150,000 or more;

- The underwriting of life insurance for a face amount that is or may reasonably be expected to be $ 150,000 or more; or

- Your employment at an annual salary that is or may reasonably be expected to be $ 75,000 or more.

A consumer reporting agency may not furnish medical information about you in a consumer report that is being obtained for employment purposes or in connection with a credit, insurance, or direct marketing transaction unless you consent to the furnishing.

A "security alert" is a notice placed on a consumerâs file that alerts a recipient of a consumer report involving that consumer file that the consumer's identity may have been used without the consumer's consent to fraudulently obtain goods or services in the consumer's name.

On a request in writing or by telephone and with proper identification provided by a consumer, a consumer reporting agency shall place a security alert on the consumer's consumer file not later than 24 hours after the date the agency receives the request. The security alert must remain in effect for not less than 45 days after the date the agency places the security alert on the file. There is no limit on the number of security alerts a consumer may request. At the end of a 45-day security alert, on request in writing or by telephone and with proper identification provided by the consumer, the agency shall provide the consumer with a copy of the consumer's file. A consumer may include with the security alert request a telephone number to be used by persons to verify the consumer's identity before entering into a transaction with the consumer.

If you wish to place a security alert on your file you should contact First Advantage at: 800-321-4473.

### Texas Consumers Have the Right to Obtain a Security Freeze

A "security freeze" is a notice placed on a consumer file that prohibits a consumer reporting agency from releasing a consumer report relating to the extension of credit involving that consumer file without the express authorization of the consumer.

On written request sent by certified mail that includes proper identification provided by a consumer a consumer reporting agency shall place a security freeze on a consumer's consumer file not later than the fifth business day after the date the agency receives the request.

On written request for a security freeze a consumer reporting agency shall disclose to the consumer the process of placing, removing, and temporarily lifting a security freeze and the process for allowing access to information from the consumer's consumer file for a specific requester or period while the security freeze is in effect.

A consumer reporting agency shall, not later than the 10th business day after the date the agency receives the request for a security freeze send a written confirmation of the security freeze to the consumer, and provide the consumer with a unique personal identification number or password to be used by the consumer to authorize a removal or temporary lifting of the security freeze.

A consumer may request in writing a replacement personal identification number or password. The request must comply with the requirements for requesting a security freeze. The consumer reporting

Exhibit 8



# Berger&Montague,P.C.
### ATTORNEYS AT LAW

**E. MICHELLE DRAKE**

| | |
|---|---|
| **WRITER'S DIRECT DIAL** | 612-594-5933 |
| **WRITER'S DIRECT FAX** | 612-584-4470 |
| **WRITER'S DIRECT E-MAIL** | emdrake@bm.net |

7/25/2018

## VIA U.S. MAIL

**RE:** Justin Hall

███████████████████

**SSN:** XXX-XX-███
**DOB:** ████████

To Whom It May Concern:

I am writing on behalf of my client, Justin Hall. Pursuant to the enclosed authorization form, and the Fair Credit Reporting Act, 15 U.S.C. § 1681g, I am requesting a copy of **all information** in Justin Hall's file including any additional files created by your company's affiliates and associated entities, and identification of all sources of that information, including:

1.  All reports and other communications regarding Justin Hall, that you have sent to any third parties or to Justin Hall;

2.  All reports and other communications regarding Justin Hall, produced by your affiliate companies and associated entities to any third party or to Justin Hall;

3.  Identification of all sources from which you directly or indirectly obtained information about Justin Hall**;**

4.  Identification of each person (including each end-user identified under section 15 U.S.C. 1681e(e)(1)) that procured a consumer report for employment purposes, during the 2-year period preceding the date on which this request is made**.** This request specifically seeks the address and telephone number of all such persons;

5.  Identification of each person (including each end-user identified under section 15 U.S.C. 1681e(e)(1)) that procured a consumer report for purposes other than an employment purpose, during the 1-year period preceding the date on which this request is made**.** This request specifically seeks the address and telephone number of all such persons;

6.  All reports and other communications regarding Justin Hall that you sent to or received from entities identified in paragraphs 1, 2, 3, or 4 above;

7.  The dates, original payees, and amounts of any checks upon which any adverse characterization of the consumer is based, and which were included in the file at the time of the disclosure;

8. A record of all inquiries received by the agency that identified Justin Hall in connection with a credit or insurance transaction that was not initiated by Justin Hall;

9. To the extent not requested above, any and all information in Justin Hall's credit file, including:

   (a) Justin Hall's credit score, including Justin Hall's current credit score or most recent credit score previously calculated by you for a purpose related to the extension of credit;

   (b) The range of possible credit scores under the credit scoring model used by you;

   (c) All of the key factors that adversely affected Justin Hall's credit score in the model used;

   (d) The date on which the credit score was created; and

   (e) The name of the person or entity that provided the credit score or credit file upon which the credit score was created;

10. All admissions, communications, and statements made by Justin Hall; and

11. Any other information in your possession about Justin Hall.

**Pursuant to section 1681h(b)(2)(C), and the attached authorization form, my client requests this information be submitted by electronic means to rgebo@bm.net.** If my client's file cannot be submitted by electronic means, please send the information via U.S. Mail to:

**Berger & Montague, P.C.**
**c/o Rachel Gebo**
**43 SE Main Street, STE 505**
**Minneapolis, MN 55414**
**612-594-5933 (phone)**
**rgebo@bm.net**

Thank you for your prompt attention to this request.

Sincerely,

E. Michelle Drake
Attorney At Law

# Exhibit A

| ALL DISPOSITIONS |
|---|
| ACCELERATED REHABILITATIVE DISPOSITION |
| ADJUDICATION WITHHELD |
| ARD - COUNTY |
| BAIL FORFEITURE |
| BOND FORFEITURE |
| CASE DISPOSED |
| CASE TRANSFERRED |
| CI |
| CLOSED |
| COMMUNITY SUPERVISION |
| CONSOLIDATED CASE |
| COURT DISPOSITION: AMEND PROBATION  COURT PHASE |
| COURT DISPOSITION: COMMUNITY SUPERVISION EXPIRED  COURT PHASE |
| COURT DISPOSITION: COMMUNITY SUPERVISION EXPIRED, ARREST DISPOSITION: BAIL/RELEA |
| COURT DISPOSITION: COMMUNITY SUPERVISION EXPIRED, ARREST DISPOSITION: HELD |
| COURT DISPOSITION: CONVICTED - LESSER CHARGE  COURT PHASE |
| COURT DISPOSITION: CONVICTED - LESSER CHARGE, ARREST DISPOSITION: HELD |
| COURT DISPOSITION: DEFERRED, ARREST DISPOSITION: DISPOSITION UNKNOWN |
| COURT DISPOSITION: DEFERRED, ARREST DISPOSITION: HELD |
| COURT DISPOSITION: DISMISSED  COURT PHASE |
| COURT DISPOSITION: PROBATION DISCHARGE  COURT PHASE |
| COURT DISPOSITION: PROBATION DISCHARGE, ARREST DISPOSITION: BAIL/RELEASED ON OWN |
| COURT DISPOSITION: PROBATION DISCHARGE, ARREST DISPOSITION: HELD |
| COURT DISPOSITION: PROBATION DISCHARGE, ARREST DISPOSITION: HELD  COURT DISPOSIT |
| COURT DISPOSITION: PROBATION DISCHARGE, ARREST DISPOSITION: TRANSFERRED TO COUNT |
| COURT DISPOSITION: PROBATION REVOCATION  COURT PHASE |
| COURT DISPOSITION: PROBATION REVOCATION, ARREST DISPOSITION: HELD |
| COURT PHASE  COURT DISPOSITION: CONVICTED - LESSER CHARGE |
| COURT SUPERVISION |
| DEAD DOCKET |
| DEFERRED |
| DEFERRED ADJUDICATION |
| DEFERRED ADJUDICATIONS |
| DISMISS DEFERRED |
| DISMISSED |
| DIVERSION PROGRAM |
| DOWNGRADE CHARGE |
| DROPPED/ABANDONED |
| FIRST OFFENDER |
| FORFEITURE |
| HELD FOR COURT |
| INITIAL CHARGE STATUS: ARREST |

| |
|---|
| INITIAL CHARGE STATUS: NOTICE TO APPEAR |
| INITIAL CHARGE STATUS: SWORN COMPLAINT |
| JUDGMENT WITHHELD |
| MIGRATED DISPOSITION |
| MISDEMEANOR INTERVENTION PROGRAM |
| NO ACTION TAKEN |
| NO BILL |
| NO FURTHER INFORMATION AVAILABLE |
| NO INFORMATION FILED (STATE DID NOT PROSECUTE) |
| NOL PROS (CODE 11) - TRANSFER TO HIGHER OR LOWER COURT  CLOSED |
| NOL PROSSED |
| NOLLE PROSEQUI |
| NOLLE PROSSE |
| NOLLE PROSSED |
| NON-CUSTODIAL |
| NOT GUILTY |
| NOT PROVIDED |
| NTDIS |
| NTLOR |
| NTNIN |
| OPEN |
| OPENED - CR |
| OTHER/MISCELLANEOUS |
| PAID FINE OR CIVIL PENALTY |
| PAID OUT |
| PAID THRU PROBATION |
| PAID WAIVER |
| PENDING COURT DATE NOT AVAILABLE |
| PREPAID |
| PROB SUP TRM UNSAT |
| PROB TERMINATED |
| PROBATION BEFORE JUDGMENT |
| PROBATION REVOKED |
| PROBATION REVOKED SENTENCE REDUCED. |
| PROBATION VIO DISPOSITION |
| PROCESS OTHER |
| PROCESS REVOKED |
| REDUCED TO COUNTY COURT |
| STET DOCKET |
| STRICKEN |
| STRICKEN OFF WITH LEAVE TO REINSTATE |
| TRANSF TO OTHER CASE  CLOSED |
| WAIVED |
| WAIVER |
| WH ADJ W/FINE & COST  CLOSED |
| WITHDRAWN |