**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LATONYA T. BANKHEAD** and **JUSTIN HALL** on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 1:17-cv-02910-LMM-CCB |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORP.,** | ) ) ) ) | |
| Defendant. | ) ) | |

_____

<u>**DECLARATION OF JENNIFER M. KEOUGH IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**</u>

I, JENNIFER M. KEOUGH, declare as follows:

1.      I am Chief Executive Officer of JND Class Action Administration ("JND").  The following statements are based on my personal knowledge and information provided to me by Counsel and other JND employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2.      For this matter, JND will provide Notice and Claims Administration services as provided in the Settlement Agreement.

3.      I have more than 20 years of legal experience designing and supervising Notice and Claims Administration programs.  A comprehensive description of my experience is attached as Exhibit 1.

4.      As CEO of JND, I am involved in all facets of our Company's operation.  Among my responsibilities is to monitor the implementation of our Notice and Claim Administration programs.  I submit this Declaration at the request of Counsel to provide information regarding JND's experience.

## I.      EXPERIENCE RELEVANT TO THIS CASE

5.      JND is one of the leading legal administration firms in the country.  JND's class action division provides all services necessary for the effective implementation of class action settlements, including (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of publication programs, including through digital and social media platforms; (2) website design and deployment, including robust online claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement

fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class action settlements.

6.    JND was recently approved as a vendor for the United States Securities and Exchange Commission ("SEC") as well as by the Federal Trade Commission ("FTC").  We also have Master Services Agreements with various law firms, corporations, banks, and other government agencies, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures. JND has also been certified as SOC 2 compliant by noted accounting firm Moss Adams. Finally, JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and, most recently, the *New York Law Journal*, for excellence in class action administration.

7.    JND and its principals have extensive experience handling Settlements in courts throughout the 9th Circuit including, but not limited to, *Hernandez v. Experian Information Solutions, Inc.,* Case No. 05-cv-1070-DOC (MLGx) (C.D. Cal.); *Chester v. The TJX Co., Inc.,* Case No. 5:15-cv-01437-DDP-DTBx (C.D. Cal.); *Gragg v. Orange CAB Co., Inc.,* Case No. CV 12-576 RSL (W.D. Wash.); *Kellgren, et al., v. Petco Animal Supplies, Inc., et al.,* Case No. 3:13-cv-00644-L-KSC (S.D. Cal) *Nozzi, et al., v. Housing Authority of the City of Los Angeles, et al.,* Case No. CV 07-0380-PA-FFMx (C.D. Cal.); *Kissel v. Code42 Software, Inc., et al.,* Case No. SACV 15-1936-JLS (KES) (C.D. Cal.); *Harris, et al., v. Amgen, Inc., et al.,* Case No. CV 07-05442-PSG(PLAx) (C.D. Cal.); *In re: Resonant Inc. Securities Litigation,* Case No. 15-cv-01970-SJO-MRW (C.D. Cal.); *Scherer v. Tiffany & Co.,* Case No. 11-cv-00532 (S.D. Cal.); *Seebrook v. The Children's Place Retail Stores,* Case No. 11-cv-00837 (N.D. Cal.); *Fleury v. Richemont North America, Inc. (Cartier),* Case No. 05-cv-04525 (N.D. Cal.); *Howell v. Checkr, Inc.,* Case No. 3:17-cv-04305-SK (N.D. Cal.); *Lloyd v. CVB Financial Corp., et al.,* Case No. 10-cv-06256-CAS-PJW (C.D. Cal.); *In re Intuit Data Litigation,* Case No. 15-cv-1778-EJD (N.D. Cal.); *DeFrees, et al. v. John C.*

*Kirkland, et al. and U.S. Aerospace, Inc.,* Case No. 11-cv-04272-JLS-SP (C.D. Cal.); *McKibben, et al. v. McMahon, et al.,* Case No. 14-cv-02171-JGB-SP (C.D. Cal.); *Schwartz v. Opus Bank et al.,* Case No. 16-cv-07991-AB-JPR (C.D. Cal.); *Paggos v. Resonant, Inc. et al.,* Case No. 15-cv-01970-SJO (MRW) (C.D. Cal.); *Wahl v. Yahoo! Inc. d/b/a Rivals.com,* Case No. 17-cv-02745-BLF (N.D. Cal.); *del Toro Lopez v. Uber Technologies, Inc.,* Case No. 17-cv-06255-YGR (N.D. Cal.); *In re Yahoo! Inc. Securities Litigation,* Case No. 17-cv-00373 (N.D. Cal.); *Connolly v. Umpqua Bank,* Case No. C15-517-TSZ (W.D. Wash.).

8.     The principals of JND, including me, collectively have over 75 years of experience in class action legal and administrative fields.  We have personally overseen some of the largest legal administration matters in the country's history including, among many others, the BP Deepwater Horizon Settlement, the Gulf Coast Claims Facility, Cobell Indian Trust Settlement (the largest government class action settlement of all time), Visa/Mastercard Antitrust Settlement, Auction Houses Antitrust Settlements and the WorldCom securities settlements.

9.     JND's Legal Notice team, which operates under my direct supervision, researches, designs, develops and implements a wide array of legal notice programs in order to meet the due process requirements of Rule 23 of the federal rules of civil procedure and relevant state court rules.  Our notice campaigns, which are regularly approved by courts throughout the United States, use a wide variety of media including newspapers, press releases, magazines, trade journals, radio, television, social media, and the internet depending on the circumstances and allegations of the case, the demographics of the class, and the habits of its members, as reported by various research and analytics tools.  During my career, I have submitted several hundred affidavits to courts throughout the country attesting to our role in the creation and launch of various media programs.  In the past several months alone, JND has been appointed Notice

Expert in the following matters: *Linneman, et al. v. Vita-Mix Corp.,* Case No. 15-cv-748 (S.D. Ohio); *In re Intuit Data Litig.,* Case No. 15-cv-1778-EJD (N.D. Cal.); *In re Broiler Chicken Antitrust Litig.,* Case No. 1:16-cv-08637 (N.D. Ill.); *McWilliams v. City of Long Beach,* Case No. BC361469 (Cal. Super. Ct.); *Granados v. County of Los Angeles,* Case No. BC361470 (Cal. Super. Ct.); *Finerman v. Marriott Ownership Resorts, Inc.,* Case No. 3:14-cv-1154-J-32MCR (M.D. Fla.); *Huntzinger et al. v. Suunto Oy et al.,* Case No. 37-2018-00027159-CU-BT-CTL (Cal. Super. Ct.); and *Dover v. British Airways, PLC* (UK). I am not only JND's notice expert, but as CEO of the company and its class action division, I have overall responsibility for all aspects of the notice, claims administration, and compensation distribution for all of JND's class action matters. Throughout my career, I have personally overseen well over 500 matters. I have also been appointed the Independent Claims Administrator by the United States District Court for the Northern District of California in *Allagas v. BP Solar Int'l, Inc.*, Case No. 14-cv-00560.

10.    Attached as Exhibit 2 is the latest estimate for Administrative Expenses.


I declare, under penalty of perjury, under the laws of the State of Georgia that the foregoing is true and correct. Executed this 8th day of April 2019, at Seattle, Washington.

*Jennifer M. Keough* (signature)

_____

JENNIFER M. KEOUGH

# EXHIBIT 1

# JENNIFER KEOUGH

## CHIEF EXECUTIVE OFFICER AND CO-FOUNDER





## I. INTRODUCTION

Jennifer Keough is Chief Executive Officer and a Founder of JND Legal Administration ("JND"). She is the *only* judicially recognized expert in *all* facets of class action administration - from notice through distribution. With more than 20 years of legal experience, Ms. Keough has directly worked on hundreds of high-profile and complex administration engagements, including such landmark matters as the $10 billion BP Deepwater Horizon Settlement, $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), $600 million Engle Smokers Trust Fund, $20 billion Gulf Coast Claims Facility, $1 billion Stryker Modular Hip Settlement, and countless other high-profile matters. She has been appointed notice expert in many notable cases and has testified on settlement matters in numerous courts and before the Senate Committee for Indian Affairs.

The only female CEO in the field, Ms. Keough oversees more than 150 employees at JND's Seattle headquarters, as well as six other office locations around the country. She manages all aspects of JND's class action business from day-to-day processes to high-level strategies. Her comprehensive expertise with noticing, claims processing, Systems and IT work, call center, data analytics, recovery calculations, check distribution, and reporting gained her the reputation with attorneys on both sides of the aisle as the most dependable consultant for all legal administration needs. Ms. Keough also applies her knowledge and skills to other divisions of JND,

including mass tort, lien resolution, government services, and eDiscovery. Given her extensive experience, Ms. Keough is often called upon to consult with parties prior to settlement, is frequently invited to speak on class action issues and has authored numerous articles in her multiple areas of expertise.

Ms. Keough launched JND with her partners in early 2016.  Just a few months later she was named as the Independent Claims Administrator ("ICA") in a complex BP Solar Panel Settlement.  Ms. Keough also started receiving numerous appointments as notice expert and in 2017 was chosen to oversee a restitution program in Canada where every adult in the country was eligible to participate.  Also, in 2017, Ms. Keough was named a female entrepreneur of the year finalist in the 14th annual Stevie Awards for Women in Business. In 2015 and 2017, she was recognized as a "Woman Worth Watching" by Profiles in Diversity Journal. In 2013, she was featured in a CNN article, "What Changes with Women in the Boardroom."

Prior to forming JND, Ms. Keough was Chief Operating Officer and Executive Vice President for one of the then largest administration firms in the country, where she oversaw operations in several offices across the country and was responsible for all large and critical projects. Previously, Ms. Keough worked as a class action business analyst at Perkins Coie, one of the country's premier defense firms, where she managed complex class action settlements and remediation programs, including the selection, retention, and supervision of legal administration firms.  While at Perkins she managed, among other matters, the administration of over $100 million in the claims-made Weyerhaeuser siding case, one of the largest building product class action settlements ever. In her role, she established a reputation as being fair in her ability to see both sides of a settlement program.

Ms. Keough earned her J.D. from Seattle University. She graduated from Seattle University with a B.A. and M.S.F. with honors.



# II.

# LANDMARK CASES

Jennifer Keough has the distinction of personally overseeing the administration of more large class action programs than any other notice expert in the field. Some of her largest engagements include the following:

## 1.   Allagas v. BP Solar Int'l, Inc.

### No. 14-cv-00560 (N.D. Cal.)

Ms. Keough was appointed by the United States District Court for the Northern District of California as the Independent Claims Administrator ("ICA") supervising the notice and administration of this complex settlement involving inspection, remediation, and replacement of solar panels on homes and businesses throughout California and other parts of the United States. Ms. Keough and her team devised the administration protocol and built a network of inspectors and contractors to perform the various inspections and other work needed to assist claimants. She also built a program that included a team of operators to answer claimant questions, a fully interactive dedicated website with on-line claim filing capability, and a team trained in the very complex intricacies of solar panel mechanisms. In her role as ICA, Ms. Keough regularly reported to the parties and the Court as to the progress of the administration. In addition to her role as ICA, Ms. Keough also acted as mediator for those claimants who opted out of the settlement to pursue their claims individually against BP. Honorable Susan Illston, recognized the complexity of the settlement when appointing Ms. Keough the ICA (December 22, 2016):

> The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much shorter time frame than otherwise possible and avoids risk to class certification and the Class's case on the merits...The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.

### 2. Careathers v. Red Bull North America, Inc.

**No. 13-cv-0369 (KPF) (S.D.N.Y.)**

Due to the nature of this case, direct notice was impossible. Therefore, Ms. Keough assisted in the design of a publication notice and claims administration program intended to reach the greatest number of affected individuals. Due to the success of the notice program, the informational website designed by Ms. Keough and her team received an unprecedented 67 million hits in less than 24 hours. The Claims Administration program received over 2 million claim forms submitted through the three available filing options: online, mail, and email. Judge Katherine Polk Failla approved the notice program (May 12, 2015) finding:

> ...that the Notice to the Settlement Class... was collectively the best notice practicable under the circumstances of these proceedings of the matters set forth therein, and fully satisfies the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

### 3. Chester v. The TJX Cos., Inc., et al.

**No. 15-cv-01437 (C.D. Cal.)**

As the notice expert, Ms. Keough proposed a multi-faceted notice plan designed to reach over eight million class members. Where class member information was available, direct notice was sent via email and via postcard when an email was returned as undeliverable or for which there was no email address provided. Additionally, to reach the unknown class members, Ms. Keough's plan included a summary notice in eight publications directed toward the California class and a tear-away notice posted in all TJ Maxx locations in California. The notice effort also included an informational and interactive website with online claim filing and a toll-free number that provided information 24 hours a day. Additionally, associates were available to answer class member questions in both English and Spanish during business hours. Honorable Otis D. Wright, II approved the plan (May 14, 2018):

> *... the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.*

## 4.    Cobell v. Salazar

**No. 96 CV 1285 (TFH) (D. D.C.)**

As part of the largest government class action settlement in our nation's history, Ms. Keough worked with the U.S. Government to implement the administration program responsible for identifying and providing notice to the two distinct but overlapping settlement classes. As part of the notice outreach program, Ms. Keough participated in multiple town hall meetings held at Indian reservations located across the country. Due to the efforts of the outreach program, over 80% of all class members were provided notice. Additionally, Ms. Keough played a role in creating the processes for evaluating claims and ensuring the correct distributions were made. Under Ms. Keough's supervision, the processing team processed over 480,000 claims forms to determine eligibility. Less than one half of 1 percent of all claim determinations made by the processing team were appealed. Ms. Keough was called upon to testify before the Senate Committee for Indian Affairs, where Senator Jon Tester of Montana praised her work in connection with notice efforts to the American Indian community when he stated: "Oh, wow. Okay... the administrator has done a good job, as your testimony has indicated, [discovering] 80 percent of the whereabouts of the unknown class members." Additionally, when evaluating the Notice Program, Judge Thomas F. Hogan concluded (July 27, 2011):

> *...that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class.... Notice met and, in many cases, exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort. The*

*contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).*

## 5.  Gulf Coast Claims Facility (GCCF)

The GCCF was one of the largest claims processing facilities in U.S. history and was responsible for resolving the claims of both individuals and businesses relating to the Deepwater Horizon oil spill. The GCCF, which Ms. Keough helped develop, processed over one million claims and distributed more than $6 billion within the first year-and-a-half of its existence. As part of the GCCF, Ms. Keough and her team coordinated a large notice outreach program which included publication in multiple journals and magazines in the Gulf Coast area. She also established a call center staffed by individuals fluent in Spanish, Vietnamese, Laotian, Khmer, French, and Croatian.

## 6.  Hernandez v. Experian Info. Solutions, Inc.

### No. 05-cv-1070 (C.D. Cal.)

This case asserts claims in violation of the Fair Credit Reporting Act. The litigation dates back to 2005, when José Hernandez filed his original Class Action Complaint in *Hernandez v. Equifax Info. Services, LLC, et al.*, No. 05-cv-03996 (N.D. Cal.), which was later transferred to C.D. Cal. and consolidated with several other related cases. In April 2009, a settlement agreement between Defendants and some plaintiffs was reached that would provide payments of damage awards from a $45 million settlement fund. However, after being granted final approval by the Court, the agreement was vacated on appeal by the United States Circuit Court of Appeals for the Ninth Circuit. The parties resumed negotiations and reached an agreement in April 2017. The settlement provided both significant monetary (approximately $38.7 million in non-reversionary cash) and non-monetary benefits. Ms. Keough oversaw the notice and administration efforts for the entire litigation. In approving the settlement and responding to objections about notice and administration expenses, Honorable David O. Carter, stated (April 6, 2018):

*The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of Class members who will receive claimed benefits—not including the almost 100,000 Class members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.*

### 7.    In re Air Cargo Shipping Services Antitrust Litig.

**No. 06-md-1775 (JG) (VVP) (E.D.N.Y.)**

This antitrust settlement involved five separate settlements. As a result, many class members were affected by more than one of the settlements, Ms. Keough constructed the notice and claims programs for each settlement in a manner which allowed for the comparison of claims data. Each claims administration program included claims processing, review of supporting evidence, and a deficiency notification process. The deficiency notification process included mailing of deficiency letters, making follow up phone calls, and sending emails to class members to help them complete their claim. To ensure accuracy throughout the claims process for each of the settlements, Ms. Keough created a process which audited many of the claims that were eligible for payment.

## 8.   In re Classmates.com

**No. C09-45RAJ (W.D. Wash.)**

Ms. Keough managed a team that provided email notice to over 50 million users with an estimated success rate of 89%. When an email was returned as undeliverable, it was re-sent up to three times in an attempt to provide notice to the entire class. Additionally, Ms. Keough implemented a claims administration program which received over 699,000 claim forms and maintained three email addresses in which to receive objections, exclusions, and claim form requests. The Court approved the program when it stated:

> *The Court finds that the form of electronic notice... together with the published notice in the Wall Street Journal, was the best practicable notice under the circumstances and was as likely as any other form of notice to apprise potential Settlement Class members of the Settlement Agreement and their rights to opt out and to object. The Court further finds that such notice was reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process...*

## 9.   In re General Motors LLC Ignition Switch Litig.

**No. 2543 (MDL) (S.D.N.Y.)**

Ms. Keough oversaw the creation of a Claims Facility for the submission of injury claims allegedly resulting from the faulty ignition switch. The Claims Facility worked with experts when evaluating the claim forms submitted. First, the Claims Facility reviewed thousands of pages of police reports, medical documentation, and pictures to determine whether a claim met the threshold standards of an eligible claim for further review by the expert. Second, the Claims Facility would inform the expert that a claim was ready for its review. Ms. Keough constructed a database which allowed for a seamless transfer of claim forms and supporting documentation to the expert for further review.

## 10. In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

**No. 2179 (MDL) (E.D. La.)**

Following the closure of the Gulf Coast Claims Facility, the Deepwater Horizon Settlement claims program was created. There were two separate legal settlements that provided for two claims administration programs. One of the programs was for the submission of medical claims and the other was for the submission of economic and property damage claims. Ms. Keough played a key role in the formation of the claims program for the evaluation of economic and property damage claims. Additionally, Ms. Keough built and supervised the back-office mail and processing center in Hammond, Louisiana, which was the hub of the program. The Hammond center was visited several times by Claims Administrator Pat Juneau -- as well as by the District Court Judge and Magistrate -- who described it as a shining star of the program.

## 11. In re Stryker Rejuvenate and ABG II Hip Implant Products Liability Litig.

**No. 13-2441 (MDL) (D. Minn.)**

Ms. Keough and her team were designated as the escrow agent and claims processor in this $1 billion settlement designed to compensate eligible U.S. Patients who had surgery to replace their Rejuvenate Modular-Neck and/or ABG II Modular-Neck hip stems prior to November 3, 2014. As the claims processor, Ms. Keough and her team designed internal procedures to ensure the accurate review of all medical documentation received; designed an interactive website which included online claim filing; and established a toll-free number to allow class members to receive information about the settlement 24 hours a day. Additionally, she oversaw the creation of a deficiency process to ensure claimants were notified of their deficient submission and provided an opportunity to cure. The program also included an auditing procedure designed to detect fraudulent claims and a process for distributing initial and supplemental payments. Approximately 95% of the registered eligible patients enrolled in the settlement program.

## 12. In re The Engle Trust Fund

**No. 94-08273 CA 22 (Fla. 11th Jud. Cir. Ct.)**

Ms. Keough played a key role in administering this $600 million landmark case against the country's five largest tobacco companies. Miles A. McGrane, III, Trustee to the Engle Trust Fund recognized Ms. Keough's role when he stated:

> *The outstanding organizational and administrative skills of Jennifer Keough cannot be overstated. Jennifer was most valuable to me in handling numerous substantive issues in connection with the landmark Engle Trust Fund matter. And, in her communications with affected class members, Jennifer proved to be a caring expert at what she does.*

## 13. In re Washington Mutual Inc., Sec. Litig.

**No. 08-md-1919 MJP (W.D. Wash.)**

Ms. Keough supervised the notice and claims administration for this securities class action which included three separate settlements with defendants totaling $208.5 million. In addition to mailing notice to over one million class members, Ms. Keough managed the claims administration program, including the review and processing of claims, notification of claim deficiencies, and distribution. In preparation for the processing of claims, Ms. Keough and her team established a unique database to store the proofs of claim and supporting documentation; trained staff to the particulars of this settlement; created multiple computer programs for the entry of class member's unique information; and developed a program to calculate the recognized loss amounts pursuant to the plan of allocation. The program was designed to allow proofs of claim to be filed by mail or through an online portal. The deficiency process was established in order to reach out to class members who submitted incomplete proof of claims. It involved reaching out to claimants via letters, emails, and telephone calls.

## 14. In re Yahoo! Inc. Sec. Litig.

**No. 17-cv-373 (N.D. Cal.)**

Ms. Keough oversaw the notice and administration of this $80 million securities settlement. In approving the settlement, Judge Lucy H. Koh, stated (September 7, 2018):

> The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.

## 15. Linneman, et al., v. Vita-Mix Corp., et al.

**No. 15-cv-748 (S.D. Ohio)**

Ms. Keough was hired by plaintiff counsel to design a notice program regarding this consumer settlement related to allegedly defective blenders. The Court approved Ms. Keough's plan and designated her as the notice expert for this case. As direct notice to the entire class was impracticable due to the nature of the case, Ms. Keough proposed a multi-faceted notice program. Direct notice was provided by mail or email to those purchasers identified through Vita-Mix's data as well as obtained through third parties, such as retailers, dealers, distributors, or restaurant supply stores. To reach the unknown class members, Ms. Keough oversaw the design of an extensive media plan that included published notice in *Cooking Light*, *Good Housekeeping*, and *People* magazine and digital notice placements through Facebook/Instagram, Twitter, and Conversant, as well as a paid search campaign through Google and Bing. In addition, the program included an informational and interactive website where class members could submit claims electronically, and a toll-free number that provided information to class members 24 hours a day. When approving the plan, Honorable Susan J. Dlott stated (May 3, 2018):

*JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

### 16. Loblaw Card Program

Jennifer Keough was selected by major Canadian retailer Loblaw and its counsel to act as program administrator in its voluntary remediation program as a result of a price-fixing scheme by some employees of the company involving bread products. The program offered a $25 Card to all adults in Canada who purchased bread products in Loblaw stores between 2002 and 2015. Some 28 million Canadian residents were potential claimants. Ms. Keough and her team: (1) built an interactive website that was capable of withstanding hundreds of millions of "hits" in a short period of time; (2) built, staffed and trained a call center with operators available to take calls twelve hours a day, six days a week; (3) oversaw the vendor in charge of producing and distributing the cards; (4) was in charge of designing and overseeing fraud prevention procedures; and (5) handled myriad other tasks related to this high-profile and complex project.

### 17. New Orleans Tax Assessor Project

After Hurricane Katrina, the City of New Orleans began to reappraise properties in the area which caused property values to rise. Thousands of property owners appealed their new property values and the City Council did not have the capacity to handle all the appeals in a timely manner. As a result of the large number of appeals, the City of New Orleans hired Ms. Keough to design a unique database to store each appellant's historical property documentation. Additionally, Ms. Keough designed a facility responsible for scheduling and coordinating meetings between the 5,000 property owners who appealed their property values and real estate agents or appraisers. The database that Ms. Keough designed facilitated the meetings between the property owners

and the property appraisers by allowing the property appraisers to review the property owner's documentation before and during the appointment with them.

## 18. Williams, et al. v. Weyerhaeuser Co.

**Civil Action No. 995787 (Cal. Super. Ct.)**

This landmark consumer fraud litigation against Weyerhauser Co. had over $100 million in claims paid. The action involved exterior hardboard siding installed on homes and other structures throughout the United States from January 1, 1981 to December 31, 1999 that was alleged to be defective and prematurely fail when exposed to normal weather conditions.

Ms. Keough oversaw the administration efforts of this program, both when she was employed by Perkins Coie, who represented defendants, and later when she joined the administration firm handling the case. The claims program was extensive and went on for nine years, with varying claims deadlines depending on when the class member installed the original Weyerhaeuser siding. The program involved not just payments to class members, but an inspection component where a court-appointed inspector analyzed the particular claimant's siding to determine the eligibility and award level. Class members received a check for their damages, based upon the total square footage of damaged siding, multiplied by the cost of replacing, or, in some instances, repairing, the siding on their homes. Ms. Keough oversaw the entirety of the program from start to finish.



# III. CASE EXPERIENCE

Ms. Keough has played an important role in hundreds of matters throughout her career. A partial listing of her notice and claims administration case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Adzhikosyan v. Denver Mgmt. Inc.* | BC648100 | Cal. Super. Ct. |
| *Allagas v. BP Solar Int'l, Inc.* | 14-cv-00560 (SI) | N.D. Cal. |
| *Andreas-Moses, et al. v. Hartford Fire Ins. Co.* | 17-cv-2019-Orl-37KRS | M.D. Fla. |
| *Anger v. Accretive Health d/b/a Medical Financial Solutions* | 14-cv-12864 | E.D. Mich. |
| *Arthur v. Sallie Mae, Inc.* | 10-cv-00198-JLR | W.D. Wash. |
| *Atkins v. Nat'l. General Ins. Co., et al.* | 16-2-04728-4 | Wash. Super. Ct. |
| *Backer Law Firm, LLC v. Costco Wholesale Corp.* | 15-cv-327 (SRB) | W.D. Mo. |
| *Beltran, et al. v. InterExchange, et al.* | 14-cv-3074 | D. Colo. |
| *Bollenbach Enters. Ltd. P'ship. v. Oklahoma Energy Acquisitions, et al.* | 17-cv-00134 | W.D. Okla. |
| *Briones v. Patelco Credit Union* | RG 16805680 | Cal. Super. Ct. |
| *Brna v. Isle of Capri Casinos and Interblock USA, LLC* | 17-cv-60144 (FAM) | S.D. Fla. |
| *Broussard, et al. v. Stein Mart, Inc.* | 16-cv-03247 | S.D. Tex. |
| *Browning v. Yahoo!* | C04-01463 HRL | N.D. Cal. |
| *Calvert v. Xcel Energy* | 17-cv-02458-RBJ | D. Colo. |
| *Careathers v. Red Bull North America, Inc.* | 13-cv-0369 (KPF) | S.D.N.Y. |
| *Carmack, et al. v. Amaya Inc., et al.* | 16-cv-1884 | D.N.J. |
| *Castro v. Cont'l Airlines, Inc.* | 14-cv-00169 | C.D. Cal. |
| *Cecil v. BP America Prod. Co.* | 16-cv-410 (RAW) | E.D. Okla. |
| *Chester v. The TJX Cos., Inc., et al.* | 15-cv-01437 | C.D. Cal. |
| *Chieftain Royalty Co., et al. v. Marathon Oil Co.* | 17-cv-334 | E.D. Okla. |
| *Chieftain Royalty Co. v. XTO Energy, Inc.* | 11-cv-00029-KEW | E.D. Okla. |
| *Cline, et al. v. TouchTunes Music Corp.* | 14-CIV-4744 (LAK) | S.D.N.Y. |
| *Cobell v. Salazar* | 96-cv-1285 (TFH) | D.D.C. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Common Ground Healthcare Coop. v. The United States* | 17-877C | F.C.C. |
| *Connolly v. Umpqua Bank* | C15-517 (TSZ) | W.D. Wash. |
| *Corona et al., v. Sony Pictures Entm't Inc.* | 14−CV−09600−RGK−E | C.D. Cal. |
| *Courtney v. Avid Tech., Inc.* | 13-cv-10686-WGY | D. Mass. |
| *Davis v. Carfax, Inc.* | CJ-04-1316L | D. Okla. |
| *DeFrees, et al. v. John C. Kirkland, et al. and U.S. Aerospace, Inc.* | CV 11-04574 | C.D. Cal. |
| *del Toro Lopez v. Uber Technologies, Inc.* | 17cv-06255-YGR | N.D. Cal. |
| *Delkener v. Cottage Health System, et al.* | 30-2016-847934 (CU) (NP) (CXC) | Cal. Super. Ct. |
| *DeMarco v. AvalonBay Communities, Inc.* | 15-cv-00628-JLL-JAD | D.N.J. |
| *Dixon et al. v. Zabka et al.* | 11-cv-982 | D. Conn. |
| *Djoric v. Justin Brands, Inc.* | BC574927 | Cal. Super. Ct. |
| *Doan v. State Farm General Ins. Co.* | 1-08-cv-129264 | Cal. Super. Ct. |
| *Doughtery v. QuickSIUS, LLC* | 15-cv-06432-JHS | E.D. Pa. |
| *Dover et al. v. British Airways, PLC (UK)* | 12-cv-05567 | E.D.N.Y. |
| *Easley v. The Reserves Network, Inc.* | 16-cv-544 | N.D. Ohio |
| *Edwards v. Hearst Communications, Inc.* | 15-cv-9279 (AT) (JLC) | S.D.N.Y. |
| *EEOC v. Patterson-UTI Drilling Co. LLC* | 5-cv-600 (WYD) (CBS) | D. Colo. |
| *Erica P. John Fund, Inc. v. Halliburton Co.* | 02-cv-1152 | N.D. Tex. |
| *Essex v. The Children's Place, Inc.* | 15-cv-5621 | D.N.J. |
| *Expedia Hotel Taxes & Fees Litig.* | 05-2-02060-1 (SEA) | Wash. Super. Ct. |
| *Family Medicine Pharmacy LLC v. Impax Laboratories, Inc.* | 17-cv-53 | S.D. Ala. |
| *Family Medicine Pharmacy LLC v. Trxade Group Inc.* | 15-cv-00590-KD-B | S.D. Ala. |
| *Farmer v. Bank of Am.* | 11-cv-00935-OLG | W.D. Tex. |
| *Finerman v. Marriott Ownership Resorts, Inc.* | 14-cv-1154-J-32MCR | M.D. Fla. |
| *Fosbrink v. Area Wide Protective, Inc.* | 17-cv-1154-T-30CPT | M.D. Fla. |
| *Fresno County Employees Retirement Association, et al. v. comScore Inc.* | 16-cv-1820 (JGK) | S.D.N.Y. |
| *Frost v. LG Elec. MobileComm U.S.A., Inc.* | 37-2012-00098755-CU-PL-CTL | Cal. Super. Ct. |
| *FTC v. Consumerinfo.com* | SACV05-801 AHS (MLGx) | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Gervasio et al. v. Wawa, Inc.* | 17-cv-245 (PGS) (DEA) | D.N.J. |
| *Gormley v. magicJack Vocaltec Ltd., et al.* | 16-cv-1869 | S.D.N.Y. |
| *Gragg v. Orange Cab Co., Inc. and RideCharge, Inc.* | CV 12-576 RSL | W.D. Wash. |
| *Granados v. County of Los Angeles* | BC361470 | Cal. Super. Ct. |
| *Hahn v. Hanil Dev., Inc.* | BC468669 | Cal. Super. Ct. |
| *Harris, et al. v. Amgen, Inc., et al.* | CV 07-5442 PSG (PLAx) | C.D. Cal. |
| *Health Republic Ins. Co. v. The United States* | 16-259C | F.C.C. |
| *Hernandez, et al. v. Experian Info. Solutions, Inc.* | 05-cv-1070 (DOC) (MLGx) | C.D. Cal. |
| *Hines v. CBS Television Studios, et al.* | 17-cv-7882 (PGG) | S.D.N.Y. |
| *Hopwood v. Nuance Commc'n, Inc.* | 4:13-cv-02132-YGR | N.D. Cal. |
| *Howell v. Checkr, Inc.* | 17-cv-4305 | N.D. Cal. |
| *Huntzinger v. Suunto Oy and Aqua Lung America, Inc.* | 37-2018-27159 (CU) (BT) (CTL) | Cal. Super. Ct. |
| *In re Air Cargo Shipping Services Antitrust Litig.* | 06-md-1775 (JG) (VVP) | E.D.N.Y. |
| *In re Akorn, Inc. Sec. Litig.* | 15-c-1944 | N.D. Ill. |
| *In re Am. Express Fin. Advisors Sec. Litig.* | 04 Civ. 1773 (DAB) | S.D.N.Y. |
| *In re AMR Corp., et al. (American Airlines Bankruptcy)* | 1-15463 (SHL) | S.D.N.Y. |
| *In re Auction Houses Antitrust Litig.* | 00-648 (LAK) | S.D.N.Y. |
| *In re AudioEye, Inc. Sec. Litig.* | 15-cv-163 (DCB) | D. Ariz. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Classmates.com* | C09-45RAJ | W.D. Wash. |
| *In re CRM Holdings, Ltd. Sec. Litig.* | 10-cv-00975-RPP | S.D.N.Y. |
| *In re General Motors LLC Ignition Switch Litig.* | 2543 (MDL) | S.D.N.Y. |
| *In re Global Tel*Link Corp. Litig.* | 14-CV-5275 | W.D. Ark. |
| *In re GoPro, Inc. Shareholder Litig.* | CIV537077 | Cal. Super. Ct. |
| *In re Guess Outlet Store Pricing* | JCCP No. 4833 | Cal. Super. Ct. |
| *In re Initial Public Offering Sec. Litig. (IPO Sec. Litig.)* | No. 21-MC-92 | S.D.N.Y. |
| *In re Intuit Data Litig.* | 15-CV-1778-EJD | N.D. Cal. |
| *In re Legacy Reserves LP Preferred Unitholder Litig.* | 2018-225 (JTL) | Del. Chancery |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re LIBOR-Based Financial Instruments Antitrust Litig.* | 11-md-2262 (NRB) | S.D.N.Y. |
| *In re MyFord Touch Consumer Litig.* | 13-cv-3072 (EMC) | N.D. Cal. |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* | 2179 (MDL) | E.D. La. |
| *In re PHH Lender Placed Ins. Litig.* | 12-cv-1117 (NLH) (KMW) | D.N.J. |
| *In re Polyurethane Foam Antitrust Litig.* | 10-md-196 (JZ) | N.D. Ohio |
| *In re Processed Egg Prod. Antitrust Litig.* | 08-MD-02002 | E.D. Pa. |
| *In re Resonant Inc. Sec. Litig.* | 15-cv-1970 (SJO) (MRW) | C.D. Cal. |
| *In re Stryker Rejuvenate and ABG II Hip Implant Products Liability Litig.* | 13-md-2441 | D. Minn. |
| *In Re SunTrust Banks, Inc. ERISA Litig.* | 08-cv-03384-RWS | N.D. Ga. |
| *In re Tenet Healthcare Corp. Sec.* | CV-02-8462-RSWL (Rzx) | C.D. Cal. |
| *In re The Engle Trust Fund* | 94-08273 CA 22 | Fla. 11th Cir. Ct. |
| *In re Unilife Corp. Sec. Litig.* | 16-cv-3976 (RA) | S.D.N.Y. |
| *In re Washington Mutual Inc. Sec. Litig.* | 8-md-1919 (MJP) | W.D. Wash. |
| *In re Webloyalty.com, Inc., Mktg. and Sales Practices Litig.* | 06-11620-JLT | D. Mass. |
| *In re Wholesale Grocery Products Antitrust Litig.* | 9-md-2090 (ADM) (TNL) | D. Minn. |
| *In re Williams Sec. Litig.* | 02-CV-72-SPF (FHM) | N.D. Okla. |
| *In re Worldcom, Inc. Sec. Litig.* | 2-CIV-3288 (DLC) | S.D.N.Y. |
| *In re Yahoo! Inc. Sec. Litig.* | 17-cv-373 | N.D. Cal. |
| *Ivery v. RMH Illinois, LLC and RMH Franchise Holdings, Inc.* | 17-CIV-1619 | N.D. Ill. |
| *Jeter, et al. v. Bullseye Energy, Inc., et al.* | 12-cv-411 (TCK) (PJC) | N.D. Okla. |
| *Johnson, et al. v. MGM Holdings, Inc., et al.* | 17-cv-00541 | W.D. Wash. |
| *Kellgren, et al. v. Petco Animal Supplies, Inc., et al.* | 13-cv-644 (L) (KSC) | S.D. Cal. |
| *Kissel v. Code 42 Software Inc., et al.* | SACV 15-1936 -JLS (KES) | C.D. Cal. |
| *Konecky v Allstate* | CV-17-10-M-DWM | D. Mont. |
| *Krueger v. Ameriprise Fin., Inc.* | 11-cv-02781 (SRN/JSM) | D. Minn. |
| *Lindsay v. Cutter Wireline Service, Inc.* | 7-cv-01445 (PAB) (KLM) | D. Colo. |
| *Linneman, et al., v. Vita-Mix Corp., et al.* | 15-cv-748 | S.D. Ohio |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Liotta v. Wolford Boutiques, LLC* | 16-cv-4634 | N.D. Ga. |
| *Lloyd v. CVB Financial Corp, et al.* | 10-cv-6256 (CAS) | C.D. Cal. |
| *Loblaw Card Program* | Remediation Program | |
| *Martinez v. Rial de Minas, Inc., et al.* | 16-cv-01947 | D. Colo. |
| *McClellan v. Chase Home Fin.* | 12-cv-01331-JGB-JEM | C.D. Cal. |
| *McGann, et al. v. Schnuck Markets Inc.* | 1322-CC00800 | Mo. Cir. Ct. |
| *McKibben, et al. v. McMahon, et al.* | 14-2171 (JGB) (SP) | C.D. Cal. |
| *McKnight Realty Co. v. Bravo Arkoma, LLC and Bravo Natural Resources* | 17-CIV-00308 (KEW) | E.D. Okla. |
| *McNeal v. AccentCare, Inc.* | 15cv03304 | N.D. Cal. |
| *McNeill v. Citation Oil & Gas Corp.* | 17-CIV-121 (KEW) | E.D. Okla. |
| *McWilliams v. City of Long Beach* | BC361469 | Cal. Super. Ct. |
| *Moeller v. Advance Magazine Publishers, Inc., d/b/a Condé Nast* | 15-cv-05671 (NRB) | S.D.N.Y. |
| *Mojica, et al. v. Securus Technologies, Inc.* | 14-CV-5258 | W.D. Ark. |
| *Molnar v. 1-800-Flowers Retail, Inc.* | BC 382828 | Cal. Super. Ct. |
| *Monteleone v. The Nutro Co.* | 14-cv-00801-ES-JAD | D.N.J. |
| *Morel v. Lions Gate Entm't Inc.* | 16-cv-1407 (JFC) | S.D.N.Y. |
| *Muir v. Early Warning Services, LLC* | 16-cv-00521 | D.N.J. |
| *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd.* | 12-3824 | E.D. Pa. |
| *Nasseri v. Cytosport, Inc.* | BC439181 | Cal. Super. Ct. |
| *Nesbitt v. Postmates, Inc.* | CGC-15-547146 | Cal. Super. Ct. |
| *New Orleans Tax Assessor Project* | Tax Assessment Program | |
| *NMPA Late Fee Program Groups I-IVA* | Remediation Program | CRB |
| *Nozzi v. Housing Authority of the City of Los Angeles* | CV 07-0380 PA (FFMx) | C.D. Cal. |
| *Nwabueza v. AT&T* | C 09-01529 SI | N.D. Cal. |
| *O'Donnell v. Financial American Life Ins. Co.* | 14-cv-01071 | S.D. Ohio |
| *Ortez et al. v. United Parcel Service, Inc.* | 17-cv-01202 (CMA) (SKC) | D. Colo. |
| *Parker v. Time Warner Entm't Co. L.P.* | 239 F.R.D. 318 | E.D.N.Y. |
| *Parmelee v. Santander Consumer USA Holdings Inc., et al.* | 16-cv-783-K | N.D. Tex. |
| *Pickett v. Simos Insourcing Solutions Corp.* | 17-cv-01013 | N.D. Ill. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Pierce, et al. v Anthem Ins. Cos., Inc.* | 15-cv-00562-TWP-TAB | S. D. Ind. |
| *Press, et al. v. J. Crew Group, Inc., et al.* | 56-2018-512503 (CU) (BT) (VTA) | Cal. Super. Ct. |
| *Purcell v. United Propane Gas, Inc.* | 14-CI-729 | Ky. 2nd Cir. |
| *Reirdon v. Cimarex Energy Co.* | 16-CIV-113 (KEW) | E.D. Okla. |
| *Rice v. Insync* | 30-2014-00701147-CU-NP-CJC | Cal. Super. Ct. |
| *Rich v. EOS Fitness Brands, LLC* | RIC1508918 | Cal. Super. Ct. |
| *Roman v. Antelope Valley Newspapers, Inc.,* | BC382639 | Cal. Super. Ct. |
| *Rotatori v. TGI Fridays* | 14-0081-B | Mass. Super. |
| *Ruppel v. Consumers Union of United States, Inc.* | 16-cv-2444 (KMK) | S.D.N.Y. |
| *Saccoccio v. JP Morgan Chase* | 13-cv-21107 | S.D. Fla. |
| *San Antonio Fire & Police Pension Fund v. Dole Food Co., Inc. et al.* | 15-cv-1140 (LPS) | E.D. Del. |
| *Sanders v The CJS Solutions Group, LLC* | 17-cv-03809 | S.D.N.Y. |
| *Schlesinger, et al. v. Ticketmaster* | BC304565 | Cal. Super. Ct. |
| *Schourup v. Private Label Nutraceuticals, LLC, et al.* | 2015cv01026 | C.D. Cal. |
| *Schwartz v. Intimacy in New York, LLC* | 13-cv-5735 (PGG) | S.D.N.Y. |
| *Schwartz v. Opus Bank, et al.* | 16-cv-7991 (AB) (JPR) | C.D. Cal. |
| *Soderstrom v. MSP Crossroads Apartments LLC* | 16-cv-233 (ADM) (KMM) | D. Minn. |
| *Solano v. Amazon Studios LLC* | 17-cv-01587 (LGS) | S.D.N.Y. |
| *Soto v. Diakon Logistics (Delaware), Inc.* | 08-cv-33-L(WMC) | S.D. Cal. |
| *Steele v. PayPal, Inc.* | 05-CV-01720 (ILG) (VVP) | E.D.N.Y. |
| *Stillman v. Clermont York Assocs. LLC* | 603557/09E | N.Y. Sup. Ct. |
| *Stretch v. State of Montana* | DV-04-713 (A) | Mont. 11th Dist. Ct. |
| *Strickland v. Carrington Mortgage Services, LLC, et al.* | 16-cv-25237 | S.D. Fla. |
| *Sullivan, et al. v Wenner Media LLC* | 16–cv–00960–JTN–ESC | W.D. Mich. |
| *Szafarz v. United Parcel Service, Inc.* | SUCV2016-2094-BLS2 | Mass. Super. Ct. |
| *Terrell v. Costco Wholesale Corp.* | 16-2-19140-1-SEA | Wash. Super. Ct. |
| *The City of Los Angeles, et al. v. Bankrate, Inc. et al.* | 14-cv-81323 (DMM) | S.D. Fla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *The People of the State of New York v. Steven Croman, et al.* | 450545/2016 | N.Y. Sup. Ct. |
| *Tkachyk v. Traveler's Ins., et al.* | 16-28-m (DLC) | D. Mont. |
| *T-Mobile Remediation Program* | Remediation Program | |
| *Tolliver v. Avvo, Inc.* | 16-2-5904-0 (SEA) | Wash. Super. Ct. |
| *Townes, IV v. Trans Union, LLC* | 04-1488-JJF | D. Del. |
| *Tyus v. General Info. Solutions LLC* | 2017CP3201389 | S.C. C.P. |
| *United States of America v. City of Chicago* | 16-c-1969 | N.D. Ill. |
| *United States of America v. Greyhound Lines, Inc.* | 16-67-RGA | D. Del. |
| *United States v. The City of Austin* | 14-cv-00533-LY | W.D. Tex. |
| *Viesse v. Saar's Inc.* | 17-2-7783-6 (SEA) | Wash. Super. Ct. |
| *Wahl v. Yahoo! Inc. d/b/a Rivals.com* | 17-cv-2745 (BLF) | N.D. Cal. |
| *Walton, et al. v. AT&T Services, Inc.* | 15-cv-3653 (VC) | N.D. Cal. |
| *WellCare Sec. Litig.* | 07-cv-01940-VMC-EAJ | M.D. Fla. |
| *Williams, et al. v. Weyerhaeuser Co.* | 995787 | Cal. Super. Ct. |
| *Wornicki v. Brokerpriceopinion.com, Inc.* | 13-cv-03258 (PAB) (KMT) | D. Colo. |



# IV.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Keough's work as outlined by the sampling of judicial comments from her programs at JND.

### 1.  Judge Steven P. Shreder

***Chieftain Royalty Co., et al. v. Marathon Oil Co.,*** (March 8, 2019)
No. 17-cv-334 (E.D. Okla.):

*The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.*

### 2.  Honorable Naomi Reice Buchwals

***Moeller v. Advance Magazine Publishers, Inc., d/b/a Condé Nast,*** (March 6, 2019)
No. 15-cv-05671 (NRB) (S.D.N.Y.):

*The notice provided to the Settlement Class...including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website - fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

### 3.    Judge Thomas S. Zilly

**Connolly v. Umpqua Bank,** (February 28, 2019)
No. C15-517 (TSZ) (W.D. Wash.):

*Notice of the proposed class action settlement and of the final approval hearing scheduled for February 21, 2019, was sent to all members of the Class in the manner described in the Declaration of Jennifer M. Keough, the Chief Executive Officer of JND Legal Administration, which is the Settlement Administrator for this matter... the methods of transmitting notices to class members, along with the maintenance of a dedicated website, were the best notice practicable under the circumstances and comported with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.*

### 4.    Judge Donald W. Molloy

**Konecky v Allstate,** (February 5, 2019)
No. CV-17-10-M-DWM (D. Mont.):

*The Court finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.*

### 5.    Judge Kimberly E. West

**McNeill v. Citation Oil & Gas Corp.,** (January 14, 2019)
No. 17-CIV-121 (KEW) (E.D. Okla.):

*The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit, the settlement, their right to exclude themselves from the settlement, their*

*right to object to the settlement or any part thereof and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma and other applicable law.*

### 6.    Judge Kimberly E. West

***McKnight Realty Co. v. Bravo Arkoma, LLC and Bravo Natural Resources,***
(December 21, 2018)
No. 17-CIV-00308 (KEW) (E.D. Okla.):

*Notice of the Settlement was properly mailed to the putative members of the Settlement Class with known valid mailing addresses and was published, with both the mailing of notice and the publication of notice having been performed in compliance with the requirements specified in this Court's prior orders and in the Settlement Agreement. The Court previously approved both the Plan of Notice and the Notice of Settlement and now finds, orders, and adjudges that the notice to the Settlement Class of the Settlement Fairness Hearing was proper and sufficient under all applicable laws and represents the most practical means of giving notice under the circumstances.*

### 7.    Judge Naomi Reice Buchwald

***In re LIBOR-Based Financial Instruments Antitrust Litig.,*** (December 20, 2018)
No. 11-md-2262 (NRB) (S.D.N.Y.):

*The Court hereby finds that the forms and methods of notifying the Lender Class of the Settlements and their terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Lender Class Members entitled thereto of these proceedings and the matters set forth herein, including the Settlements and Plan of Distribution.*

### 8.    Judge Kimberly E. West

***Reirdon v. Cimarex Energy Co.,*** (December 18, 2018)
No. 16-CIV-113 (KEW) (E.D. Okla.):

*The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order...The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.*

### 9.    Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy and Aqua Lung America, Inc.,*** (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

### 10.    Honorable Sallie Kim

***Howell v. Checkr, Inc.,*** (December 13, 2018)
No. 17-cv-4305 (N.D. Cal.):

*The Court further finds and concludes that the Notices and the distribution procedures set forth in the Settlement Agreement fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for*

the Settlement Class Members to object or exclude themselves from the settlement, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the settlement and this Final Order.

## 11. Honorable Kenneth M. Karas

***Ruppel v. Consumers Union of United States, Inc.,*** (December 4, 2018)
No. 16-cv-2444 (KMK) (S.D.N.Y.):

*The notice provided to the Settlement Class pursuant to the Settlement Agreement (Dkt. 97-1) and order granting Preliminary Approval (Dkt. 99) - including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website - fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

## 12. Judge Mark H. Cohen

***Liotta v. Wolford Boutiques, LLC,*** (November 30, 2018)
No. 16-cv-4634 (N.D. Ga.):

*The Notice Program included written mail notice via post-card pursuant to addresses determined from a look-up on the telephone numbers using a historic look-up process designed to identify the owner of the relevant telephone numbers on July 7, 2016 and September 2, 2016.  Keough Decl. ¶¶ 3-4.  The Claims Administrator used multiple databases to determine addresses and names of the cellular telephone owners at the time the text messages were sent. Keough Decl. ¶ 3.  The Parties' filed evidence that the Claims Administrator provided notice in conformance with the Notice Program approved by the Court. Id. ¶ 4 & Ex. A; Settlement Agreement § C.4; Prelim. Approval Order at 16-17.  This notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and the fairness hearing.  The notice constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.*

### 13.  Judge Kimberly E. West

***Cecil v. BP America Prod. Co.,*** (November 19, 2018)
No. 16-cv-410 (RAW) (E.D. Okla.):

*The form, content, and method of communicating the Notice of Settlement, together with the class settlement website referred to therein: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Litigation, the proposed Settlement Agreement, their right to exclude themselves from the proposed Settlement Agreement and resulting Settlement, their right to object to the same of any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protection of the State of Oklahoma, and any other applicable law.*

### 14.  Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 15. Honorable Beth Labson Freeman

*Wahl v. Yahoo! Inc. d/b/a Rivals.com,* (November 15, 2018)
No. 17-cv-2745 (BLF) (N.D. Cal.):

*The Settlement Class was provided with adequate notice of the settlement and an opportunity to object or opt out. The notice satisfied all applicable legal requirements, including those under Federal Rule of Civil Procedure 23 and the United States Constitution.*

### 16. Honorable Tanya Walton Pratt

*Pierce, et al. v Anthem Ins. Cos., Inc.,* (November 13, 2018)
No. 15-cv-00562-TWP-TAB (S. D. Ind.):

*The Court hereby finds and concludes that Notice and the Supplemental Notice was disseminated to members of the Settlement Class in accordance with the terms of the Agreement and that the Notice and its dissemination were in compliance with the Agreement and this Court's Preliminary Approval. The Court further finds and concludes that the Notice implemented pursuant to the Settlement Agreement constitutes the best practicable notice; is notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing; constitutes reasonable, due, adequate and sufficient notice to all persons entitled to receive notice; and meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court.*

### 17. Judge Maren E. Nelson

*Granados v. County of Los Angeles,* (October 30, 2018)
No. BC361470 (Cal. Super. Ct.):

*JND's Media Notice plan is estimated to have reached 83% of the Class. The overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough*

*Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

## 18. Judge Maren E. Nelson

***McWilliams v. City of Long Beach,*** (October 30, 2018)
No. BC361469 (Cal. Super. Ct.):

*It is estimated that JND's Media Notice plan reached 88% of the Class and the overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

## 19. Judge Cheryl L. Pollak

***Dover et al. v. British Airways, PLC (UK),*** (October 9, 2018)
No. 12-cv-5567 (E.D.N.Y.), in response to two objections:

*JND Legal Administration was appointed as the Settlement Claims Administrator, responsible for providing the required notices to Class Members and overseeing the claims process, particularly the processing of Cash Claim Forms...the overwhelmingly positive response to the Settlement by the Class Members, reinforces the Court's conclusion that the Settlement in fair, adequate, and reasonable.*

## 20. Judge Edward J. Davila

***In re Intuit Data Litig.,*** (October 4, 2018)
No. 15-CV-1778-EJD (N.D. Cal.):

*The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement. The Court finds that the proposed forms of notice are clear and readily understandable by Class*

*Members.  The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.*

### 21.  Judge Phillip Brimmer

***Wornicki v. Brokerpriceopinion.com, Inc.,*** (September 20, 2018)
No. 13-cv-03258 (PAB) (KMT) (D. Colo.):

*The Class Notice was the best practicable notice under the circumstances and constituted valid, sufficient, and due notice to all members of the Settlement Class. The Class Notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.*

### 22.  Judge Lucy H. Koh

***In re Yahoo! Inc. Sec. Litig.,*** (September 7, 2018)
No. 17-cv-373 (N.D. Cal.):

*The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a) (7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.*

### 23.  Judge Michael H. Watson

***O'Donnell v. Financial American Life Ins. Co.,*** (August 24, 2018)
No. 14-cv-01071 (S.D. Ohio):

*The Court finds that the Class Notice and the notice methodology implemented pursuant to this Settlement Agreement (as evidenced by the Declaration of*

*Settlement Administrator Keough, JND Legal Administration): (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Proposed Settlement, the available relief, the release of claims, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the fairness hearing; (3) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

## 24. Judge Timothy J. Corrigan

***Finerman v. Marriott Ownership Resorts, Inc.,*** (August 15, 2018)
No. 14-cv-1154-J-32MCR (M.D. Fla.):

*Notice was given by Mail in accordance with the Settlement Agreement and the Preliminary Approval Order.  The Class Notice, Claim Form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at www.cruisefaresettlement.com. These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.*

## 25. Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy and Aqua Lung America, Inc.,*** (August 10, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the notice to the Class Members regarding settlement of this Action, including the content of the notices and method of dissemination to the Class Members in accordance with the terms of Settlement Agreement, constitute the best notice practicable under the circumstances and constitute valid, due and sufficient notice to all Class Members, complying fully with the requirements of California*

*Code of Civil Procedure § 382, California Civil Code § 1781, California Rules of Court Rules 3.766 and 3.769(f), the California and United States Constitutions, and any other applicable law.*

## 26.  Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (June 22, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort.  The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.*

## 27.  Honorable Mary E. Roberts

***Terrell v. Costco Wholesale Corp.,*** (June 15, 2018)
No. 16-2-19140-1-SEA (Wash. Super. Ct.):

*Pursuant to the Court's Preliminary Approval Order, the Notice was distributed to the Class by email and US Mail.  The Court hereby finds and concludes that the Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order.  The Court further finds and concludes that the Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.*

## 28.  Honorable Stanley R. Chesler

*Muir v. Early Warning Services, LLC,* (June 13, 2018)
No. 16-cv-00521 (D.N.J.):

*Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process. The Court is informed the Mail Notice was sent by first class mail to approximately 211 Settlement Class Members by JND Legal Administration, the third-party Settlement Administrator.*

## 29.  Honorable Lewis A. Kaplan

*Cline, et al. v. TouchTunes Music Corp.,* (May 24, 2018)
No. 14-CIV-4744 (LAK) (S.D.N.Y.):

*The Court finds that the Notice Program has been implemented by the Claims Administrator and Parties, and that such Notice Program, including of the utilized Notice Form, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.*

## 30.  Judge Janet T. Neff

*Sullivan, et al. v Wenner Media LLC,* (May 22, 2018)
No. 16–cv–00960–JTN–ESC (W.D. Mich.):

*The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.*

### 31.  Honorable Otis D. Wright, II

**Chester v. The TJX Cos., Inc., et al.,** (May 14, 2018)
No. 15-cv-1437 (C.D. Cal.):

*... the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.*

### 32.  Honorable Susan J. Dlott

**Linneman, et al., v. Vita-Mix Corp., et al.,** (May 3, 2018)
No. 15-cv-748 (S.D. Ohio):

*JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

### 33.  Honorable David O. Carter

**Hernandez/White v. Experian Info. Solutions, Inc.,** (April 6, 2018)
No. 05-cv-1070 (C.D. Cal.):

*The White Objectors and the Green Objectors argue that the notice and administration expenses are too high, contending that these expenses are duplicative of the costs incurred in connection with the 2009 Proposed Settlement and should have been paid by Class Counsel. (See Dkt. 1107 at 7; Dkt. 1112 at 10.) The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of Class members who will receive claimed benefits—not including the almost 100,000 Class*

*members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.*

### 34.  Judge Joe Heaton

***Bollenbach Enterprises Ltd. P'ship v. Oklahoma Energy Acquisitions, et al.,***
(March 12, 2018)
No. 17-cv-00134 (W.D. Okla.):

*Notice of the fairness hearing and the proposed settlement was properly mailed to the putative members of the Settlement Class with known valid mailing addresses and was published, with both the mailing of notice and the publication of notice having been performed in compliance with the requirements specified in this Court's prior orders and in the Settlement Agreement. The Court previously approved both the Plan of Notice and the Notice of Settlement and now finds, orders, and adjudges that the notice to the Settlement Class of the settlement fairness hearing was proper and sufficient under all applicable laws and represents the most practical means of giving notice under the circumstances.*

### 35. Judge Maren E. Nelson

***Djoric v. Justin Brands, Inc.,*** (March 12, 2018)
No. BC574927 (Cal. Super. Ct.):

*Based on the number of claims submitted the Court concludes that the notice was adequate and the best available means under the circumstances.*

### 36. Honorable Samuel S. Chung

***Viesse v. Saar's Inc.,*** (March 5, 2018)
No. 17-2-7783-6 (SEA) (Wash. Super. Ct.):

*The Court finds that the notice that has been provided to Settlement Class members, as well as the means by which it was provided, all of which the Court previously approved, constitutes the best notice practicable under the circumstances and is in full compliance with United States Constitution, CR23, to the extent applicable, FRCP 23, and the requirements of due process.*

### 37. Honorable Solomon Olive, Jr.

***Easley v. The Reserves Network, Inc.,*** (February 26, 2018)
No. 16-cv-544 (N.D. Ohio):

*The Court hereby finds and concludes that the Postcard Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard Notice, and the distribution procedures set forth in the Settlement Agreement fully satisfy Fed. R. Civ. P. 23 and the requirements of due process...*

### 38. Judge Federico A. Moreno

***Brna v. Isle of Capri Casinos and Interblock USA, LLC,*** (February 20, 2018)
No. 17-cv-60144 (FAM) (S.D. Fla.):

*Class Counsel has filed with the Court a Declaration from JND Legal Administration, the independent third-party Settlement Administrator for the Settlement,*

establishing the Settlement Notice and Claim Form were delivered by email and mail to the class members on November 27, 2017 and December 4, 2017, the Settlement website was established on November 27, 2017, and Claim Forms were also available electronically on the website. Adequate notice was given to the Settlement Class Members in compliance with the Settlement Agreement and the preliminary approval order.

## 39. Honorable Percy Anderson

**Nozzi, et al. v. Housing Authority for the City of Los Angeles, et al.,** (February 15, 2018) No. CV 07-380 PA (FFMx) (C.D. Cal.):

The notice given in this case was reasonably calculated to reach the Damages Class… Finally, a notice was published in the L.A. Times for three consecutive weeks on August 18, 2017, August 25, 2017, and September 1, 2017, and a 30-day internet advertising campaign was launched on Facebook, Instagram, and Twitter to inform Class Members about the settlement.  (Keough Decl. ¶ 12.)  The Court therefore concludes that the notice procedures satisfied the requirements of Due Process and Federal Rule of Civil Procedure 23(e).

## 40. Judge Knox McMahon

**Tyus v. General Information Solutions LLC,** (December 11, 2017) No. 2017CP3201389 (S.C. C.P.):

The Court hereby finds and concludes that the Mail Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Mail Notice and the distribution procedures set forth in the Settlement Agreement fully satisfy South Carolina Rule of Civil Procedure 23 and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the settlement, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the settlement and Final Order.

### 41.  Judge Ann D. Montgomery

*In re Wholesale Grocery Products Antitrust Litig.,* (November 16, 2017)
No. 9-md-2090 (ADM) (TNL) (D. Minn.):

*Notice provider and claims administrator JND Legal Administration LLC provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement.  This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.*

### 42.  Honorable Harold Kahn

*Nesbitt v. Postmates, Inc.,* (November 8, 2017)
No. CGC-15-547146 (Cal. Super. Ct.):

*The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Cal. Code Civil Procedure § 382, Cal. Rules of Court 3.766 and 3.769, the Cal. and United States Constitution, and other applicable law.*

### 43.  Honorable Robert S. Lasnik

*Gragg v. Orange Cab Co., Inc. and RideCharge, Inc.,* (October 5, 2017)
No. C12-0576RSL (W.D. Wash.):

*The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances...The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.*

### 44.  Honorable Robert D. Kalish

***Stillman v. Clermont York Assoc. LLC,*** (June 30, 2017)
No. 603557/09E (N.Y. Sup. Ct.):

*The Court hereby determines that the Notice complied with requirements of CPLR §*
*904, Rules 907 and 908 and due process and was the best notice practicable under*
*the circumstances and constituted due and sufficient notice to all persons entitled*
*thereto, including individual notice to all Class Members who could be located*
*through reasonable effort.*

### 45.  Chief Judge Dana L. Christensen

***Tkachyk v. Travelers Ins., et al.,*** (May 17, 2017)
No. 16-28-m (DLC) (D. Mont.):

*It is hereby determined that the Notice Plan and the Class Notice constituted the*
*best notice practicable under the circumstances to all members of the  Settlement*
*Class, and is therefore finally approved as reasonable. Due and  adequate notice*
*of the pendency of this Action and of the Settlement has been provided to all the*
*Settlement Class Members, and this Court hereby finds that the Class Notice complied*
*fully with the requirements of due process, the Federal Rules of Civil Procedure...*

### 46.  The Honorable Philip S. Gutierrez

***Harris, et al. v. Amgen, Inc., et al.,*** (April 4, 2017)
No. CV 07-5442 PSG (PLAx) (C.D. Cal.):

*Class counsel retained JND to provide notice and administration services for this*
*litigation.  See generally Keough Decl.  JND mailed 13,344 class action notices to*
*class members by first-class mail on January 14, 2017.  See Keough Decl., ¶ 6.  If the*
*mailings returned undeliverable, JND used skip tracing to identify the most updated*
*addresses for class members.  Id.  To date, JND reports than only 179 notices are*
*undeliverable.  Id. ¶ 7.  Moreover, as of March 21, 2017, the deadline for filing*
*objections, JND had received no objections to the final settlement agreement.  The*
*lack of objections is an indicator that class members find the settlement to be fair,*
*reasonable, and adequate.*

## 47. Judge Christina A. Snyder

***Lloyd v. CVB Financial Corp, et al.,*** (March 13, 2017)

No. 10-cv-6256 (CAS) (C.D. Cal.):

*The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; … constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.*

## 48. Honorable Susan Illston

***Allagas v. BP Solar Int'l, Inc.,*** (December 22, 2016)

No. 14-cv-00560 (SI) (N.D. Cal.):

*The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much shorter time frame than otherwise possible, and avoids risk to class certification and the Class's case on the merits…The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.*

# EXHIBIT 2



Confidential
Jennifer Keough - CEO
(206) 919-5768
jennifer.keough@jndla.com

**John Albanese, Esq. | Berger Montague P.C. | jalbanese@bm.net**
*Consumer Reporting Agency Settlement*

## Assumptions and Notes:

1. Assumes two classes: (1) 22,400 Class 1 members; (2) 2,600 Class 2 members
2. Email notice to known email addresses (assumes 12,500 and 20% bounce backs)
3. Mail single postcard notice to 22,400 class members
4. Mail double postcard with tear-off claim form to 2,600 class members
5. Receive and process undeliverables (assumes 10% of mail) and remail forwards (assumes 5% of undeliverable mail)
6. Perform skip-tracing on undeliverable mail without forwarding address (assumes 60% success rate)
7. Email reminder notice (assumes 50% of Class 2)
8. Mail reminder postcard (assumes 90% of Class 2)
9. Toll-free number with IVR only (assumes 2% call rate and 2 min. per call)
10. Dedicated settlement website with downloadable settlement-related documents and claim filing capability
11. CAFA notice mailing
12. Receive and process opt-outs
13. Receive and process claims (assumes 10% filing rate with 80% online and 20% by mail)
14. Establish and manage Qualifed Settlement Fund
15. Distribute settlement payments to Class 1 members and eligible claimants from Class 2 (assumes 22,660 checks)

|  |  |  |  | Cost Estimate |
|---|---|---|---|---|
| **Project Management** |  |  |  |  |
| Interaction with counsel, status reports, supervision of project team, resolution of issues, court report |  |  |  |  |
| *Estimated Months:* 12 |  |  |  |  |
|  |  |  |  | $ 3,000 |
| **Case-Specific Website with Online Filing** |  |  |  |  |
| Develop and host dedicated website with downloadable forms, and online claim submission |  |  |  |  |
|  |  |  |  | $ 6,000 |
| **Call Center** |  |  |  |  |
| Set up toll-free number and IVR menu; monthly and per-minute charges |  |  |  |  |
| *Estimated Calls:* 500 |  |  |  |  |
|  |  |  |  | $ 2,925 |
| **Database Management** |  |  |  |  |
| Class list clean-up, research and update addresses via NCOA and skip-trace databases |  | $ 450 |  |  |
| Electronic Data Storage |  | $ 50 |  |  |
| Create project specific database; develop processing procedures |  | $ 350 |  |  |
|  |  |  |  | $ 850 |
| **CAFA Notice** |  |  |  |  |
| Mail case documents to all appropriate state and federal officials |  |  |  |  |
|  |  |  |  | $ 3,500 |
| **Email Notice** |  |  |  |  |
| Create list for email, finalize content, implement email notice |  |  |  |  |
| *Estimated Emails:* 12,500 |  |  |  |  |
|  |  |  |  | $ 1,550 |
| **Mail Notice** |  |  |  |  |
| Format/quality review single postcard notice |  | $ 700 |  |  |
| Print and mail single postcard notice |  |  |  |  |
| Estimated items mailed 22,400 |  |  |  |  |
| Printing/Materials/Mailing Services $ 0.08 | $ 1,882 |  |  |  |
|  |  |  | $ 1,882 |  |
| Format/quality review double postcard notice and claim form |  | $ 700 |  |  |
| Print and mail double postcard notice and claim form |  |  |  |  |
| Estimated items mailed 2,600 |  |  |  |  |
| Printing/Materials/Mailing Services $ 0.12 | $ 312 |  |  |  |
|  |  |  | $ 312 |  |
| Track undeliverables; remail forwards | $ 650 |  |  |  |
| Research undeliverables (skip-trace); remail | $ 2,125 |  |  |  |
|  |  |  | $ 2,775 |  |
|  |  |  |  | $ 6,369 |

**Email Reminder Notice**

Create list for email, finalize content, implement email notice
*Estimated Emails:*    *1,300*

|  |  |  | $ | 350 |
|---|---|---|---|---|

**Mail Reminder Postcard**

| Format/quality review reminder postcard | | $ | 500 | |
|---|---|---|---|---|

Print and mail reminder postcard notice

| Estimated items mailed | | 2,340 | | | |
|---|---|---|---|---|---|
| Printing/Materials/Mailing Services | $ | 0.14 | $ | 328 | |
| | | | | $ | 328 |

|  |  |  | $ | 828 |
|---|---|---|---|---|

**Process Forms**

| Process mailed forms | Estimated forms received | 52 | | |
|---|---|---|---|---|
| | Cost per form | $ | 2.50 | |
| | | | $ | 130 |

| Process online forms | Estimated forms received | 208 | | |
|---|---|---|---|---|
| | Cost per form | $ | 0.75 | |
| | | | $ | 156 |

| Validate forms; final review; identify and resolve issues | | $ | 75 | |
|---|---|---|---|---|
| | | | $ | 361 |

**Process Opt Outs**

Process mailed opt-outs; validate forms; final review; identify and resolve issues

|  |  | $ | 250 |
|---|---|---|---|

**Distribute Benefits**

| Calculate, review, and implement individual benefits | $ | 600 |
|---|---|---|
| Establish QSF/Tax ID; account setup and management; reconciliation | $ | 500 |
| Create check language; design, format checks; manage mailing | $ | 750 |

Printing and mailing costs

| Estimated Items Mailed | | 22,660 | | |
|---|---|---|---|---|
| Printing/Materials/Mailing Services | $ | 0.32 | $ | 7,251 |
| | | | $ | 7,251 |

| Research undeliverables (skip-trace); remail; reissue checks | $ | 2,750 |
|---|---|---|

|  | $ | 11,851 |
|---|---|---|

| **Sub-Total Fees** | $ | 37,833 |
|---|---|---|

**Expenses**

Expenses included but not limited to postage, P.O. Box, etc.
Postage is estimated and JND will obtain best possible presort discounted rate.

|  | $ | 19,206 |
|---|---|---|

| **Sub-Total Expenses** | $ | 19,206 |
|---|---|---|

| **Total Fees & Expenses** | $ | 57,039 |
|---|---|---|

| 🔒 **PriceLock**[SM] | $ | 63,000 |
|---|---|---|