IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATONYA T. BANKHEAD** and **JUSTIN HALL** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:17-cv-02910-LMM-CCB<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] FINAL APPROVAL ORDER

The Court, having considered Plaintiff's Unopposed Motion for Final Approval of the Proposed Class Action Settlement between Plaintiffs Latonya T. Bankhead and Justin Hall ("Named Plaintiffs" or "Class Representatives") and Defendant First Advantage Background Services Corp. ("Defendant" or "First Advantage") (collectively, the "Parties") in the above-captioned matter, the Settlement Agreement entered into between the Parties (the "Settlement Agreement"), the Final Fairness Hearing held on September 19, 2019, the records of this matter, and for good cause shown therein, IT IS HEREBY ORDERED:

1. Unless defined herein, for purposes of this Final Approval Order, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over the settling Parties hereto.

1

13720922v1

3. On April 30, 2019, this Court preliminarily approved the settlement and certified for settlement purposes, the Settlement Class defined in the Settlement Agreement.

4. Pursuant to the Court's Preliminary Approval Order, the Notices were distributed to the Settlement Class. The Court hereby finds and concludes that the Notices were disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the Notices and the distribution procedures set forth in the Settlement Agreement fully satisfy Fed. R. Civ. P. 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the settlement, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the settlement and this Final Approval Order. The Court hereby finds and concludes that the notice provided by the Settlement Administrator on behalf of the Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

5. The Settlement Class Members were given an opportunity to object to or opt-out of the settlement. The Settlement Class Members who made valid and timely requests for exclusion are excluded from the settlement and are not bound by this Final Approval Order. Only one Settlement Class Member requested exclusion.

6. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by experienced attorneys familiar with the

13720922v1

legal and factual issues of the case and with the assistance of an experienced third-party mediator.

7.     The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages and in maintaining the class action through trial and appeal.

8.     The settlement consideration provided by the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration provided to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the this matter, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

9.     The Settlement Agreement is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of Fed. R. Civ. P. 23, the United States Constitution (including the Due Process Clause) and all other applicable laws, and is in the best interest of the Settlement Class. The Settlement Agreement, which shall be deemed incorporated herein, and the settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

10.    Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies, for settlement purposes only, the following Settlement Class with respect to the claims asserted against Defendant in the Action:

13720922v1

> All natural persons upon whom Defendant produced one or more reports which included one or more records older than seven years which included a term listed in Exhibit A to the Settlement Agreement in the disposition field from June 23, 2015 through January 27, 2019.

11. Pursuant to Fed. R. Civ. P. 23, the Court certifies Named Plaintiffs Latonya Bankhead and Justin Hall as the Class Representatives and appoints Berger Montague PC as Class Counsel.

12. For settlement purposes only, the Court finds that the Action as to Defendant satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- The Settlement Class is so numerous that joinder of all members is impracticable;
- There are questions of law and fact common to the Settlement Class Members;
- The claims of the Class Representative are typical of the claims of the Settlement Class Members;
- The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members;
- Common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and
- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

13720922v1

13. The Plaintiffs, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Judgment, provided, however, that the Released Claims shall not be construed to limit the right of Defendant or any member of the Settlement Class to enforce the terms of the Agreement.

14. This Final Approval Order is binding on all Settlement Class Members, except those individuals who validly and timely excluded themselves from the settlement.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action as to Defendant and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, including its injunctive provisions, and this Final Approval Order. This Final Approval Order finally disposes of all claims and is appealable.

16. This Final Approval Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17. Consistent with the terms set forth in the Settlement Agreement between the parties, the Court approves Class Counsel's application for $658,333.33 in attorneys' fees, $27,541.99 in costs, for a service award to the Named Plaintiffs in the amount of $3,500 each, and for Settlement Administrator's expenses in an amount not to exceed $63,000 for the initial

5

distribution, to be paid from the Settlement Amount. These amounts are to be deducted from the Settlement Amount as set forth in the Settlement Agreement. Save and except as expressly set forth to the contrary in this Final Approval Order and any judgment issued by this Court regarding Plaintiff's application for fees and costs, Plaintiffs and Class Counsel shall take nothing by their claims and each party shall bear his or its own fees, costs, and expenses in connection with this Action.

18. This Court hereby dismisses the Action against Defendant, including all claims against Defendant, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

19. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 that is binding on the settling Parties and the Settlement Class.

IT IS SO ORDERED, this 19th day of September, 2019.

_____
HONORABLE LEIGH MARTIN MAY
UNITED STATES DISTRICT COURT JUDGE

13720922v1